Banco Santander Puerto Rico, demandante y recurrido, *v.* Fajardo Farms Corporation, demandado y peticionario.

*Número:* CC-95-98         *Resuelto:* 28 de junio de 1996

238

*Víctor Maldonado Gómez*, de *Muñoz, Boneta, González, González Arbona, Benítez & Peral*, abogado del peticionario;

*Carlos Martínez Vélez*, de *Montañez & Alicea*, abogado del recurrido.

La Juez Asociada Señora Naveira de Rodón emitió la opinión del Tribunal.

Hoy nos toca resolver si bajo las circunstancias siguientes un dictamen de un tribunal de primera instancia constituye una resolución o una sentencia: (1) una moción de relevo de sentencia presentada en un caso pasados los seis (6) meses de haberse registrado la sentencia; (2) fundamentada en la nulidad de la sentencia por falta de jurisdicción sobre la persona; (3) donde las partes se oponen a ésta en los méritos y no plantean la defensa de que dicha moción es tardía y dicho foro no tiene jurisdicción para atenderla, y (4) donde el tribunal celebra una vista evidenciaria y resuelve la moción de relevo en los méritos.

En el recurso de autos se solicita la revisión de la sentencia dictada por el Tribunal de Circuito de Apelaciones, mediante la cual dicho foro desestimó el recurso de apelación presentado por la peticionaria, Fajardo Farms Corporation (en adelante Fajardo Farms). Atendido el recurso como un *certiorari*, dicho tribunal lo denegó por haber sido presentado fuera del término de treinta (30) días dispuesto en el Art. 4.002 de la Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22k) y la Regla 18(B)(2)(b) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII. Por entender que el recurso apropiado era de apelación y que éste se presentó oportunamente ante el Tribunal de Circuito de Apelaciones, revocamos el dictamen emitido. Veamos.

I

El 26 de septiembre de 1963, Fajardo Farms obtuvo un préstamo de ochenta mil dólares ($80,000) de Caguas Federal Savings Bank (en adelante el Banco), garantizado con hipoteca sobre dos (2) parcelas de terreno en Fajardo.

El pagaré hipotecario fue suscrito por Philip Diorio como presidente de Fajardo Farms. Debido a falta de pago, el 9 de mayo de 1990, el Banco presentó una demanda de ejecución de hipoteca contra Fajardo Farms y Philip Diorio.[1] Dichos demandados fueron emplazados mediante edicto ya que, alegadamente, a pesar de las gestiones realizadas para ello, no se pudieron emplazar personalmente. Posteriormente, el 11 de abril de 1991, el foro de instancia dictó la sentencia en rebeldía. Declaró con lugar la demanda y ordenó la venta de los inmuebles en una subasta pública. Luego de los trámites de rigor, el 26 de noviembre de 1991 se adjudicó la buena pro al Banco. Posteriormente el Banco vendió los inmuebles a Dámaso Talavera, quien para la fecha de la compraventa era gerente de la sucursal de Fajardo del Banco.

Aproximadamente tres (3) años más tarde, el 9 de mayo de 1994, Fajardo Farms presentó un escrito titulado "Solicitud para que se deje sin efecto sentencia y que se anule venta judicial por falta de jurisdicción por insuficiencia en el emplazamiento". En dicha moción alegó, en síntesis, que la sentencia dictada en su contra era nula debido a que la declaración jurada que sirvió de base para la expedición del emplazamiento mediante edictos era insuficiente. Expresó que las diligencias practicadas por el emplazador con el fin de notificar personalmente al demandado no agotaron toda posibilidad razonable de localizarlo. Continuó alegando que de los archivos del Departamento de Estado surgía la dirección de la oficina principal de la corporación demandada y quién era su agente residente, y que no se trató de diligenciar el emplazamiento en dicha dirección. Por estas razones concluyó que el tribunal nunca adquirió jurisdicción sobre la demandada Fajardo Farms. Oportunamente, el Banco presentó su oposición. Trabada la controversia y luego de celebrar una vista evidenciaria donde

---

[1] Posteriormente, dicho Banco fue sustituido por el Banco Santander, el cual compró los activos de Caguas Central Federal Savings Bank.

se escuchó a las partes y se consideró la prueba aportada, el tribunal de instancia denegó la solicitud de la peticionaria Fajardo Farms.

Así las cosas, la peticionaria presentó una moción de determinaciones de hechos, Regla 43.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, y una moción de reconsideración, Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III, las cuales fueron denegadas mediante una resolución notificada el 13 de febrero de 1995.

Inconforme con dicho dictamen, la peticionaria presentó un recurso de apelación ante el Tribunal de Circuito de Apelaciones. Luego de los trámites de rigor, el tribunal apelativo atendió el recurso como un *certiorari* y dictó una sentencia el 18 de agosto de 1995, denegándolo por haberse presentado fuera del término de treinta (30) días establecido para ello en el Art. 4.002 de la Ley de la Judicatura de Puerto Rico de 1994, *supra.* Señaló en su sentencia que el recurso apropiado era el *certiorari* y no una apelación, ya que se estaba solicitando la revisión de una denegatoria de una moción de relevo de sentencia, Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, para lo cual el recurso apropiado es el *certiorari.* Concluyó dicho foro que la moción de reconsideración, Regla 47 de Procedimiento Civil, *supra*, no había interrumpido el término para acudir en alzada debido a que había sido rechazada de plano. En cuanto a la moción de determinaciones de hechos —Regla 43.3 de Procedimiento Civil, *supra*— entendió que ésta debía entenderse como una moción de reconsideración, ya que lo que había dictado el foro de instancia era una resolución, no una sentencia, y que sólo se podía solicitar determinaciones de hechos al amparo de la Regla 43.3 de Procedimiento Civil, *supra*, de sentencias finales.

Inconforme con dicho dictamen, acude ante nos la peticionaria, Fajardo Farms, para aducir la comisión de los errores siguientes:

Erró el Honorable Tribunal de Circuito de Apelaciones al con-

cluir que el fallo del Tribunal de Primera Instancia que denegó una solicitud para anular una sentencia en rebeldía dictada sin jurisdicción sobre la peticionaria, s[ó]lo era revisable mediante Petición de Certiorari.

Erró el Honorable Tribunal de Circuito de Apelaciones al resolver que la oportuna interposición de una solicitud de determinaciones de hechos adicionales al amparo de la Regla 43.3 de las de Procedimiento Civil no interrumpió el término para acudir en alzada de [un] fallo que denegó una solicitud de nulidad de una sentencia en rebeldía dictada sin jurisdicción sobre la peticionaria.

Erró el Honorable Tribunal de Circuito de Apelaciones al negarse a anular una sentencia dictada sin jurisdicción sobre la persona de la parte demandada.

El 20 de octubre de 1995, emitimos la resolución siguiente:

Evaluada la petición de certiorari, se le concede a la parte recurrida un término de veinte (20) días, contados a partir de la notificación de esta resolución, para que muestre causa por la cual no se deba expedir el auto de certiorari y revocar la sentencia recurrida. En particular, se invita a la parte recurrida a que exponga su posición sobre si por su naturaleza y tomando en consideración que el foro de instancia también podía conocer del asunto planteado mediante pleito independiente, la disposición de una moción presentada al amparo de la Regla 49.2(4) de Procedimiento Civil, atacando la validez de una sentencia por nulidad, por falta de jurisdicción sobre la persona del demandado, se equipara a una sentencia, o sea a una resolución que resuelve finalmente la cuestión litigiosa de la cual se puede apelar al Tribunal de Circuito de Apelaciones y por lo tanto, le son aplicables las Reglas 43.3 y 53.1(d) de Procedimiento Civil.

El peticionario podrá también, dentro del término antes dispuesto, expresarse sobre el punto aquí señalado.

Se apercibe a la parte recurrida que su incomparecencia será considerada como que se allana a este curso decisorio.

Con el beneficio de la comparecencia de ambas partes y estando en condiciones de resolver, procedemos según lo intimado. Veamos.

## II

La Regla 49.2 de Procedimiento Civil, *supra*,(²) dispone, en su parte pertinente, lo siguiente:

Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:

. . . . . . . . .
(4) Nulidad de la sentencia;

. . . . . . . .
... La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia, ni suspenderá sus efectos. *Esta regla no limita el poder del tribunal para (a) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, orden o procedimiento; (b) conceder un remedio a una parte que en realidad no hubiere sido emplazada; y (c) dejar sin efecto una sentencia por motivo de fraude al tribunal.* (Énfasis suplido.)

De lo anterior se desprende que la citada Regla 49.2 provee un mecanismo para que una parte pueda solicitar el relevo de una sentencia en su contra, siempre que se cumpla con una de las causales allí enumeradas y se presente ésta dentro de un término de seis (6) meses de haberse registrado la sentencia. Hemos resuelto que este término es de naturaleza fatal en su acción extintiva del derecho. *Sánchez Ramos v. Troche Toro,* 111 D.P.R. 155 (1981); *Municipio de Coamo v. Tribunal Superior,* 99 D.P.R. 932, 937 (1971). Transcurrido dicho plazo, no puede adjudicarse la solicitud de relevo.

---

(²) En nuestra discusión hacemos referencia a las Reglas de Procedimiento Civil vigentes al momento de los hechos que nos ocupan. Cabe señalar, sin embargo, que las Reglas 43.1, 43.3 y 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, fueron enmendadas en virtud de la Orden Administrativa Núm. 1 de 20 de enero de 1995, para conformarlas con la Ley de la Judicatura de Puerto Rico de 1994. Dichas enmiendas no alteraron su propósito o contenido en cuanto a lo aquí aplicable.

■ No obstante, la propia regla dispone que ella no limita el poder de un tribunal para conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, orden o procedimiento, o conceder un remedio a una parte que no hubiese sido emplazada y sobre la cual el tribunal no adquirió jurisdicción. A tales efectos, en *Figueroa v. Banco de San Juan*, 108 D.P.R. 680, 689 (1979), señalamos que "[se] admite generalmente el ejercicio de la acción independiente en casos de sentencias nulas, ya que [é]stas son inexistentes". Lo anterior se manifiesta, entre otras ocasiones, cuando la sentencia se ha dictado sin jurisdicción, ya sea sobre la materia o las partes en un pleito. Es decir, si el tribunal nunca adquirió jurisdicción sobre la persona del demandado, el dictamen emitido es nulo y no está sujeto al plazo extintivo de seis (6) meses dispuesto en la Regla 49.2 de Procedimiento Civil, *supra*, para la presentación de la moción de relevo de sentencia. El tribunal, a instancia propia o a petición de una parte interesada, puede dejar sin efecto en cualquier momento una sentencia nula u obtenida mediante fraude. *Figueroa v. Banco de San Juan*, supra.

■ De otra parte, la Regla 43.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, define el término "sentencia" como cualquier determinación del tribunal que resuelva finalmente la cuestión litigiosa y de la cual pueda apelarse o solicitarse una revisión. En consonancia con lo anterior, en reiteradas ocasiones hemos resuelto que si un tribunal dicta una resolución, pero ésta verdaderamente pone fin a la controversia entre las partes, la resolución referida constituye una sentencia final de la cual puede interponerse un recurso de apelación. *A.F.F. v. Tribunal* superior, 93 D.P.R. 903 (1967); *Arroyo v. Quiñones*, 77 D.P.R. 513 (1954).

■ En *Rodríguez v. Tribl. Mpal. y Ramos*, 74 D.P.R. 656, 664 (1953), explicamos la diferencia entre una resolución y una sentencia. Señalamos allí lo siguiente:

No es muy difícil concluir que existe una diferencia conceptual categórica entre una "resolución" y una "sentencia". Ninguna de las dos constituye un término genérico dentro del cual pueda entenderse comprendida la otra específicamente. Una resolución pone fin a un incidente dentro del proceso judicial, mientras una sentencia pone fin a la controversia entre las partes mediante una adjudicación final. Íd.

Analicemos los hechos que nos ocupan, a la luz de las normas de derecho antes reseñadas.

## III

En el caso de autos, la solicitud presentada por la peticionaria Fajardo Farms, para que se decretara la nulidad de la sentencia dictada en su contra, fue presentada aproximadamente tres (3) años después de registrada; dos años y medio (2 1/2) en exceso del término fatal de seis (6) meses estatuido en la citada Regla 49.2 para la presentación de la moción de relevo. Este hecho, por sí solo, hacía improcedente la presentación de una moción de relevo. No obstante, el peticionario tenía derecho a incoar una acción independiente de nulidad de sentencia. Ejerció esta opción presentando, dentro del mismo pleito en que se dictó la sentencia en su contra, una solicitud para que se decretara su nulidad por falta de jurisdicción sobre su persona. El foro de instancia no desestimó la moción presentada; la acogió y concedió un término a la parte recurrida para oponerse. Ésta compareció y se opuso en los méritos. No planteó la defensa de falta de jurisdicción del tribunal para entender en la moción de relevo por tardía ni cuestionó la facultad del tribunal para conocer de la acción de nulidad. El tribunal celebró una vista evidenciaria en la cual, además, se discutió la procedencia del decreto de nulidad solicitado. Tras dirimir la controversia, emitió su dictamen de forma fundamentada, resolviendo en los méritos la solicitud de Fajardo Farms para que se anulara la sentencia

en rebeldía dictada en su contra. El dictamen lo denominó *resolución.*

De lo anterior se desprende, con meridiana claridad, que tanto el tribunal como las partes, a todos los efectos procesales, consideraron la solicitud presentada de relevo de sentencia por nulidad, como si se tratara de una acción independiente de nulidad de sentencia.

De esta forma, el fallo emitido por el Tribunal de Primera Instancia con relación a la solicitud de nulidad de sentencia de Fajardo Farms, aunque denominado "resolución", puso fin a toda controversia pendiente de adjudicación entre las partes. La controversia sólo podía dirimirse en un pleito independiente. Lo único que distingue este caso de los casos de nulidad de sentencia, que por lo común se presentan independientemente, es que los demandantes no tuvieron que emplazar a los demandados y que el caso se tramitó en la Secretaría del tribunal con el mismo número del anterior. En cuanto a la falta de emplazamiento, ésta se suplió al no presentar el Banco oportunamente la defensa de falta de jurisdicción sobre su persona y entrar a discutir en los méritos el planteamiento de nulidad de la sentencia. Las actuaciones del Banco constituyeron una sumisión voluntaria que hacía innecesario el emplazamiento.

Es preciso destacar que, como hemos señalado, existen dos (2) mecanismos a través de los cuales una parte puede conseguir ser relevada de los efectos de una sentencia dictada sin jurisdicción sobre su persona. La Regla 49.2 de Procedimiento Civil, *supra*, alude a ambos mecanismos. El primero es una solicitud bajo la Regla 49.2(4), *supra*, la cual, por disposición de la propia regla, debe ser presentada dentro de los seis (6) meses siguientes de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Transcurrido el término de seis (6) meses dispuesto en la Regla 49.2, *supra*, la parte que desee plan-

tear la nulidad de la sentencia debe recurrir a una acción independiente de nulidad de sentencia.

■ Ahora bien, según señaláramos anteriormente, ya sea que el decreto de nulidad se solicite mediante una moción de relevo bajo la Regla 49.2(4) de Procedimiento Civil, *supra*, presentada dentro del mismo pleito en que se dictó la sentencia que se pretende anular, o ya sea que se haya optado por incoar una acción independiente, el remedio que ha de ser concedido por el tribunal es el mismo. En un caso como el de autos, la naturaleza del dictamen emitido no admite distinción por el sólo hecho de haber sido dictado en respuesta a una moción interpuesta dentro del pleito original. Este hecho no cambia la naturaleza de la acción de nulidad presentada ni el fallo emitido por el tribunal de instancia. El fallo del cual recurrió Fajardo Farms ante el Tribunal de Circuito de Apelaciones era apelable. Dispuso en su totalidad y de manera final de la controversia relativa a si era nula, por falta de jurisdicción sobre la persona, la sentencia impugnada. Bajo estas circunstancias, no cabe duda de que le aplican las disposiciones de la Regla 53.1(d) de Procedimiento Civil, 32 L.P.R.A. Ap. III, que en esencia disponen, que el término para apelar se interrumpirá por la oportuna presentación de una solicitud de determinaciones de hechos adicionales, al amparo de la Regla 43.3 de Procedimiento Civil, *supra*, y éste comenzará a contarse de nuevo desde que se archive en autos una copia de la notificación de cualquier orden para denegar o conceder las referidas determinaciones adicionales.

■ La conclusión arribada es cónsona con el propósito primordial de nuestro sistema de derecho procesal que persigue la solución justa, rápida y económica de los procedimientos. Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Las normas procesales deben interpretarse de forma liberal para evitar la multiplicidad de accio-

nes litigiosas y la complejidad innecesaria en las acciones. *Ramos v. Trans Oceanic Ins. Co.*, 103 D.P.R. 298 (1975). Véase, además, J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1986, Vol. II, págs. 5–7.

En conclusión, erró el Tribunal de Circuito de Apelaciones al acoger como *certiorari* el recurso de apelación presentado y denegarlo por falta de jurisdicción. Procede la revocación del dictamen emitido y la devolución del caso a dicho foro para que el recurso de apelación sea atendido en los méritos. A la luz de lo anterior, resulta innecesaria la discusión del tercer error aducido por la peticionaria.

Por los fundamentos antes expuestos, *se dictará sentencia para revocar la emitida por el Tribunal de Circuito de Apelaciones y se devuelve el caso a dicho foro para la continuación de los procedimientos, conforme a lo aquí resuelto.*

El Juez Asociado Señor Negrón García disintió con una opinión escrita, a la cual se unió el Juez Asociado Señor Rebollo López.

— O —

Opinión disidente del Juez Asociado Señor Negrón García, a la cual se une el Juez Asociado Señor Rebollo López.

*Hasta hoy, creíamos que "un pleito se inicia[ba] con la presentación de una demanda".* Ignoramos cómo y según qué *razonamiento peregrino* cabe sostener que una *moción para dejar sin efecto una sentencia* por falta de jurisdicción, presentada y discutida por las partes —y resuelta por el tribunal *"dentro del mismo pleito"*— constituye un *pleito independiente.*

Con el mayor de los respetos, estamos ante una decisión errada. *En lo conceptual*, la opinión mayoritaria no sólo *da la espalda a nuestra doctrina jurisprudencial*, sino que pa-

radójicamente relega a segundo plano y omite la observancia del vital trámite de emplazamiento. Trámite que precisamente invoca la peticionaria Fajardo Farms Corp. para argüir la nulidad de la sentencia. En el *aspecto técnico procesal*, tal opinión omite la presentación de una demanda, su contestación, la disponibilidad de los mecanismos de descubrimiento de prueba, así como los demás trámites esenciales. En el *ámbito fiscal, menoscaba el erario* al prescindir de la cancelación de los derechos arancelarios. Sin más profundizar, podemos observar que la mayoría, a priori, injustificadamente *cataloga "como sentencia"* lo que, hasta hoy, para todo versado en el campo del derecho era un incidente *post sentencia*, cuya solución recaía mediante una *resolución*. Ello persigue el único propósito de, normativamente, *forzar y otorgarle jurisdicción al Tribunal de Circuito de Apelaciones donde no la tiene.*

La opinión mayoritaria ignora y descarta todo el *corpus* jurisprudencial expositivo de que, por su carácter privilegiado, la falta de jurisdicción sobre una parte —como una de las causales para dejar sin efecto y anular una sentencia bajo la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III— no está sujeta al término de seis (6) meses. *Rodríguez v. Nasrallah*, 118 D.P.R. 93 (1986);[1] *Figueroa v. Banco de San Juan*, 108 D.P.R. 680, 688 (1979). Elaboremos.

## I

El 27 de abril de 1990, el Banco Santander instó una acción para el cobro de dinero y la ejecución de hipoteca

---

[1] La similitud de esa decisión con el caso ante nos es sorprendente. Allí, la parte afectada por la sentencia también presentó al cabo de tres (3) años una moción de relevo. Alegó una falta de jurisdicción sobre su persona. El tribunal de instancia emitió una *resolución* y concedió el relevo. A través de *certiorari*, revocamos al concluir que la parte fue debidamente emplazada. Aunque la parte que se opuso al relevo argumentó la improcedencia de la moción por haber sido presentada luego de los seis (6) meses, no acogimos el planteamiento. Resolvimos la cuestión en sus méritos.

contra Fajardo Farms Corporation y el Sr. Phillip Diorio. Luego de infructuosas gestiones para diligenciar personalmente los emplazamientos, el tribunal autorizó hacerlo mediante edictos. Publicados y expirados los plazos para contestar, ninguno de los demandados compareció. El 11 de abril de 1991 el entonces Tribunal Superior, Sala de Humacao (Hon. Luis F. Mojica Sandoz, Juez), declaró con lugar la demanda, dictó una sentencia en rebeldía y ordenó notificarla mediante edictos el 13 y 20 de mayo de 1991.

Con posterioridad, en noviembre de 1991, *se ejecutó la sentencia* mediante la venta en pública subasta y adjudicación de las fincas hipotecadas en favor del Banco Santander.

El 11 de mayo de 1994, transcurridos aproximadamente tres (3) años de ser final y firme la sentencia, Fajardo Farms, *sin someterse "a la jurisdicción"*, por conducto del Lcdo. Enrique Rodríguez Negrón, secretario de la corporación,[2] pidió el relevo de ésta. Adujo *nulidad,* porque nunca se adquirió jurisdicción debido a alegados vicios en el diligenciamiento negativo de los emplazamientos.[3] *Nada en la moción sugiere, ni siquiera remotamente, que se trataba de un "pleito independiente" de forma tal que alertara al Banco Santander de ese trámite.*

Oportunamente Banco Santander se opuso.[4] El tribu-

---

[2] Así se desprende del Registro de Testimonios del notario Carlos Colón Marchand, ante quien compareció el licenciado Rodríguez Negrón, como *Secretario* de Fajardo Farms Corporation, para jurar diversos acuerdos corporativos.

[3] Con su moción, Fajardo Farms Corporation acompañó varias certificaciones expedidas por el Departamento de Estado en las cuales se hace constar: la naturaleza de la corporación; el nombre del agente residente —Sr. Arthur Clemens— así como la dirección de las oficinas de la corporación, según consta en sus archivos.

[4] En su *oposición,* el Banco Santander incluyó los documentos siguientes:

1. Certificación expedida por el Departamento de Estado en la cual se expresa que, de 1982 a 1992, Fajardo Farms Corporation no presentó ante ese departamento los informes anuales requeridos por la Ley General de Corporaciones. 14 L.P.R.A. secs. 2301–2304.

2. Certificación expedida por el Registrador de la Propiedad, en relación con el Edificio Midtown, oficina Núm. 103. Ésta refleja que ni la corporación ni su agente residente fueron titulares registrados de dicha finca, la cual conforme al Departamento de Estado, es la sede de la corporación.

nal (Hon. Francisco J. Viera Cruz, Juez) celebró una vista para discutir la moción en la cual las partes sometieron sus documentos en apoyo de sus respectivas contenciones. Por *Resolución* de 17 de enero de 1995, que fue notificada el 19, denegó el relevo. Fundamentó así su negativa:

> Ante los hechos que surge [sic] de la prueba aportada por las partes, es evidente que Fajardo Farms desde el año 1988, incumplió con su obligación bajo los Arts. 301 al 303 de la ley de Corporaciones, 14 LPRA Secs. 1301 a 1303 de mantener una oficina principal con agente residente a cargo de dicha oficina en Puerto Rico y de registrar en el Departamento de Estado el cambio de dirección de dicho agente y de dicha oficina, *toda vez que Arthur Clemens había abandonado la oficina que aparecía registrada en el Departamento de Estado desde ese año, sin notificar cambio alguno.* Por tanto, hubiera sido un acto fútil el tratar de emplazarlo en la vieja dirección registrada. El emplazador en cambio fue a la última dirección conocida que Fajardo Farms informó al banco en Puerto Rico en la que el diligenciamiento fue negativo. *Esto, porque ya desde el año 1984 el señor Diorio se había mudado al Estado de Florida, dirección que también conocía el Banco.* (Énfasis suplido.) Resolución de 17 de enero de 1995, págs. 26–27.

El 27 de enero de 1995, Fajardo Farms Corporation, *inexplicablemente,* solicitó del tribunal unas *determinaciones de hecho adicionales* y, el 8 de febrero, presentó una *moción de reconsideración.* Sin trámite ulterior, ambas fueron declaradas sin lugar el 10 de febrero y notificadas el 13.

---

3. Declaración jurada suscrita por el Sr. Federico Buendía —administrador del edificio— en la que expresa que hasta el 1ro de enero de 1987 el Sr. Arthur Clemens ocupó la oficina Núm. 103 y, luego de esta fecha, hasta el 31 de marzo de 1988, la referida oficina fue ocupada por la empresa Accounting & Management Institute. Declaró, además, que el señor Clemens nunca volvió a ser inquilino del edificio.

4. Declaración jurada suscrita por el Sr. Ángel Franco —ex empleado del señor Diorio— en la que manifiesta que de 1981 a 1983, el señor Diorio mantuvo su oficina en el Edifico de Fomento, Ave. Ponce de León. Posteriormente él se trasladó a la Ave. Ponce de León Núm. 406 y, según su conocimiento, durante 1984 el señor Diorio se mudó al estado de Florida.

5. Declaración jurada suscrita por la Sra. Myriam Rivera Ramos, en la que hace constar que durante el período comprendido entre el 1ro de enero de 1987 al 31 de marzo del 1988, se desempeñó como Secretaria para la empresa "Accounting & Management Institute", la cual ocupaba la oficina Núm. 103 del Edificio Midtown.

El 8 de marzo de 1995, Fajardo Farms Corporation presentó un escrito de *apelación* ante el Tribunal de Circuito de Apelaciones. El foro apelativo (Hons. López Vilanova, Delgado Hernández y Rodríguez García, Jueces), acogió correctamente el recurso como *certiorari* y lo desestimó por haber sido presentado expirado los treinta (30) días expresamente dispuestos en el Art. 4.002(c) de la Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22k(c)). Concluyó que, tratándose de una *resolución* en incidente *post sentencia* bajo la Regla 49.2 de Procedimiento Civil, *supra*, las mociones sobre determinaciones adicionales de hecho, así como las de reconsideración, *no interrumpieron el término para apelar y que, en consecuencia, carecía de jurisdicción.*

## II

La opinión mayoritaria revoca. En un acto de "malabarismo jurídico", ésta caracteriza el trámite según la citada Regla 49.2 como un "pleito independiente" para arribar a la conclusión de que el tribunal de instancia no dictó una *resolución* sino una *sentencia* y, por ende, las mociones aludidas interrumpieron el término para apelar; en consecuencia, el Tribunal de Circuito de Apelaciones tenía jurisdicción.

Esa tesis descansa en cuatro (4) supuestos equivocados. *Primero*, transcurrido el plazo de seis (6) meses dispuesto en la Regla 49.2, *supra*, Fajardo Farms Corporation no podía presentar una moción de relevo de sentencia bajo el fundamento de nulidad de sentencia, sino que tenía que acudir a un *pleito independiente*. *Segundo*, como el Banco Santander no presentó como defensa la falta de jurisdicción sobre su persona —por no haber sido emplazado— se sometió a la jurisdicción del tribunal en este *nuevo* "pleito independiente". *Tercero*, el tribunal de instancia no desestimó la moción de plano, sino que, para dilucidarla, celebró

una *vista evidenciaria. Cuarto*, aun cuando el tribunal de instancia denominó su dictamen como *resolución*, no fue tal cosa, pues la emitió en sus méritos y fundamentada, y por ende, fue en realidad una *sentencia.*

De entrada entendemos que la mayoría olvida que la reclamación original había sido adjudicada previamente mediante una *sentencia, incluso ejecutada con la venta de los inmuebles.*

La Regla 49.2, *supra*, provee un mecanismo procesal *postsentencia.*([5]) Cuando la moción de relevo se fundamenta en un fraude al tribunal o cuando es nula, no está sujeta al plazo de seis (6) meses que establece la regla. *Martínez v. Tribunal Superior*, 83 D.P.R. 358, 370 (1961); *Sucn. Rosario v. Sucn. Cortijo*, 83 D.P.R. 678, 682 (1961).([6])

La razón es sencilla: la falta de jurisdicción *in personam* es un impedimento infranqueable. Anula todo trámite judicial. Si un tribunal nunca adquirió jurisdicción sobre un demandado, el dictamen es *nulo y no está sujeto* al plazo extintivo de seis (6) meses dispuesto en la Regla 49.2, *supra*, para la presentación de una moción de relevo de sentencia o un pleito independiente.

Esta normativa derrota la contención mayoritaria de que, transcurridos seis (6) meses, era improcedente la presentación de una moción de relevo bajo la Regla 49.2. Opinión del Tribunal, págs. 245–246. Es obvio que el tribunal de instancia tenía la facultad para atender la moción de Fajardo Farms Corporation y emitir la resolución correspondiente. Tratándose de un procedimiento *postsentencia*, su determinación era revisable *exclusivamente* mediante el recurso de *certiorari. Neptune Packing Corp. v.*

---

([5]) En lo pertinente, "no limita el poder del tribunal para ... (b) conceder un remedio a una parte que en realidad no hubiese sido emplazada".

([6]) En *Sucn. Rosario v. Sucn. Cortijo*, 83 D.P.R. 678, 682–683 (1961), añadimos que dicho término tampoco aplicaba cuando era por nulidad de sentencia. Expresamos: " '[i]gualmente, un tribunal tiene poder inherente, *irrespectivamente del estatuto*, para corregir sus expedientes dejando sin efecto una sentencia que es nula de su propia faz.' " (Énfasis suplido.) Íd.

*Wackenhut Corp.*, 120 D.P.R. 283 (1988); *Negrón Rivera y Bonilla, Ex parte*, 120 D.P.R. 61 (1987); *Ostolaza v. F.S.E.*, 116 D.P.R. 700 (1985); *González v. Chávez*, 103 D.P.R. 474 (1975).

## III

La mayoría *confunde y equipara* la vista celebrada por el tribunal de instancia con la vista en su fondo de un pleito *independiente*. Ignora así que una moción bajo la Regla 49.2 "se presenta como una moción *dentro de la misma acción* cuya sentencia trata de anularse". (Énfasis suplido.) *Suárez Fuentes v. Tribunal Superior*, 88 D.P.R. 136, 150 (1963). Por haberse planteado la *nulidad de sentencia*, era menester brindarle la oportunidad a Fajardo Farms Corporation de probar "sus alegaciones mediante la celebración de una vista en sus méritos". *G.A.C. Fin. Corp. v. Rodríguez*, 102 D.P.R. 213, 217 (1974). Véase *Martínez v. Tribunal Superior*, supra. Esa vista no transformó la moción en una vista en los méritos de un pleito independiente. Precisamente, para resolverla, el tribunal recibió la prueba documental y escuchó los argumentos orales de los abogados. Aún así, la mayoría desvirtúa ese trámite y erróneamente concluye que correspondió al de un *pleito independiente*. Olvida el principio fundamental del derecho procesal consagrado en la Regla 2 de Procedimiento Civil, 32 L.P.R.A. Ap. III: "Un pleito se inicia con la presentación de la demanda en el tribunal." *Lanzó Llanos v. Banco de la Vivienda*, 133 D.P.R. 507 (1993). Véase: *Alicea Álvarez v. Valle Bello, Inc.*, 111 D.P.R. 847 (1982); *Figueroa v. Banco de San Juan*, supra.

En autos, Fajardo Farms Corporation *nunca presentó una demanda* contra el Banco de Santander; reiteramos que *sólo presentó una moción de relevo, la cual fue tramitada bajo el mismo epígrafe y número del pleito original*. Incluso, en su moción, Fajardo Farms Corporation hizo la

salvedad de que no se sometía a la jurisdicción del tribunal. ¿Cómo reconciliar esa reserva jurisdiccional con la tesis mayoritaria de pleito independiente? Habría que olvidar que quien inicia un pleito se somete a la jurisdicción del tribunal.

Lo expuesto se agrava con la *sorpresiva* conclusión mayoritaria de que el Banco Santander renunció a ser emplazado cuando no presentó dicha defensa en la vista. La mayoría pierde de perspectiva que se trataba aquí de un incidente *dentro del mismo pleito. Hasta hoy, ni el Banco Santander ni nadie conocía que una moción no era tal, sino un nuevo pleito independiente.* Es obvio, que Banco Santander no tenía que presentar dicha defensa. La mayoría olvida que "para adquirir jurisdicción sobre el demandado en el pleito independiente, hay que emplazarlo distinto a cuando el escrito se ampara en la Regla 49.2". J. A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1986, Vol. II, pág. 273. O sea, cuando se solicita la nulidad de la sentencia mediante una acción independiente, se requiere el emplazamiento de la parte contraria. *Suárez Fuentes v. Tribunal Superior*, supra.

## IV

Finalmente, es evidente que el dictamen emitido por el tribunal de instancia el 17 de enero de 1991 *no fue una sentencia, sino una resolución.* El que el foro de instancia la resolviera en sus méritos y expusiera fundamentos, no varía su naturaleza. Simplemente siguió la directriz sentada en *Rodríguez v. Nasrallah*, 118 D.P.R. 93, 96 esc. 3 (1986). Sabido es que "el término 'resolución' tiene la connotación clásica familiar de un dictamen interlocutorio, *excepto cuando se dicta en incidentes posteriores a una sentencia final*". (Énfasis suplido.) *Sánchez v. Municipio de Cayey*, 94 D.P.R. 92, 99 (1967). En contraste, el término

" 'sentencia' ... incluye cualquier determinación del tribunal que resuelva finalmente la cuestión litigiosa y de la cual pueda *apelarse o solicitarse revisión*". (Énfasis en el original suprimido y énfasis suplido.) *Cárdenas Maxán v. Rodríguez*, 119 D.P.R. 642, 651 (1987).

"Una sentencia es [final o] definitiva cuando resuelve el caso en sus méritos y termina el litigio entre las partes, *en forma tal que no queda pendiente nada más que la ejecución de la sentencia.*" (Énfasis suplido.) *Camaleglo v. Dorado Wings, Inc.*, 118 D.P.R. 20, 26 esc. 4 (1986). Véanse: *Cortés Román v. E.L.A.*, 106 D.P.R. 504, 509 (1977); *Dalmau v. Quiñones*, 78 D.P.R. 551, 556 (1955). En el caso ante nos, la sentencia que resuelve la verdadera controversia entre las partes — el cobro de dinero y la ejecución de la hipoteca— fue dictada el 11 de abril de 1991 y advino final y firme. *Posteriormente, se ejecutó mediante la venta en subasta pública de las dos (2) fincas en noviembre de ese mismo año.* Es decir, al momento del tribunal emitir su resolución dispositiva de la moción de relevo de sentencia —enero de 1995— no existía controversia alguna sobre los méritos del cobro de dinero entre Banco Santander y Fajardo Farms Corporation.

Forzoso es concluir entonces que la decisión mayoritaria es jurídicamente insostenible e injusta. Confirmaríamos.