ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **TBB INTERNATIONAL BANK CORP.**<br><br>Recurrido<br><br>v.<br><br>**CORPORACIÓN CARIBEAN FLY C.A.; ALEJANDRO EDUARDO MONTENEGRO ETTEDGUI, FELIPE SALVADOR REYES; INVERSIONES AMD, C.A.; NADESKA JOSEFINA ROGIC SALAZAR Y CÉSAR JOSÉ GONZÁLEZ CAMPBELL**<br><br>Peticionarios | KLCE202301477 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.: **SJ2022CV04008**<br><br>Sobre: Acción Rescisoria y otros |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de abril de 2024.

Mediante *Petición de Certiorari* presentada el 29 de diciembre de 2023, comparece la señora Nadeshka Josefina Rogic Salazar (señora Rogic Salazar o peticionaria) y solicita que revoquemos la *Orden* emitida el 30 de noviembre de 2023, por el Tribunal de Primera Instancia (en adelante, TPI), Sala Superior de San Juan. Mediante la decisión aquí recurrida, el foro *a quo* declaró *No Ha Lugar* la solicitud de relevo de sentencia presentada por la peticionaria.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *certiorari* solicitado.

### I.

Según surge del expediente, la controversia del presente caso tiene su origen allá para el 19 de mayo de 2022, cuando TBB

International Bank Corp.[1], (en adelante, TBB o recurrido) incoó una demanda sobre incumplimiento de contrato, enriquecimiento injusto y transferencias fraudulentas en contra de la señora Rogic Salazar, Corporación Caribe Fly C.A; Inversiones A.M.D., C.A., Alejandro Eduardo Montenegro Ettedgui, Felipe Salvador Reyes y César José González Campbell.

En la demanda, se alegó que TBB otorgó un contrato de préstamo, en el cual firmaron como deudores el señor Felipe Salvador Reyes y el señor Alejandro Montenegro Ettedgui en representación de dos (2) corporaciones. En cuanto a la señora Rogic Salazar, se adujo que recibió $200,000.00 por parte del señor Felipe Salvador Reyes y el señor Montenegro Ettedgui para la compra de una propiedad de forma fraudulenta.[2] Ese mismo día, TBB presentó una *Moción para Emplazamiento por Edicto.*[3]

Así las cosas, el TPI emitió una *Orden* el 23 de mayo de 2022, autorizando el emplazamiento por edicto. A su vez, los edictos fueron publicados el 2 de junio de 2022. No obstante, ni la señora Rogic Salazar, ni ningún otro demandado compareció, por lo que, el 6 de julio de 2022, el TPI les anotó la rebeldía. En consecuencia, el 12 de julio de 2022, el Tribunal de Primera Instancia emitió una *Sentencia*, mediante la cual condenó a los demandados al pago total de $359,529.78. En relación con la señora Rogic Salazar, el TPI determinó que era solidaria y mancomunadamente responsable de pagarle a TBB la cantidad de $200,000.00, en la medida en que éste no pueda recobrar la totalidad de cantidad adeudada.

---

[1] TBB International Bank Corp., anteriormente llamada Activo International Bank, Inc., es una entidad bancaria internacional, organizada bajo las leyes del Estado Libre Asociado de Puerto Rico.

[2] La señora Rogic Salazar estaba casada con un accionista de la entidad TBB, que al momento en que ocurre la transferencia controlaba TBB.

[3] Esta moción fue presentada el mismo día de la radicación de la demanda, porque las partes demandadas eran entidades y personas que residían en Venezuela. En cumplimiento con la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6, TBB acreditó mediante declaración jurada las últimas direcciones de todos los demandados.

Aproximadamente 15 meses después de que el TPI notificara la *Sentencia,* el 2 de noviembre de 2023, la señora Rogic Salazar instó una *Solicitud de Relevo de Sentencia.* En síntesis, alegó que el TPI emitió la mencionada sentencia sin ostentar jurisdicción sobre su persona, violándole el debido proceso de ley. Ello, porque era residente de Venezuela y no fue emplazada conforme lo dispone el "Convenio sobre la Notificación o Traslado en el Extranjero de Documentos Judiciales y Extrajudiciales en Materia Civil y Comercial" del 15 de noviembre de 1965. En respuesta, el 27 de noviembre de 2023, TBB presentó una *Moción en Cumplimiento de Orden y Oposición a Solicitud de Relevo de Sentencia.* Arguyó que el TPI no tenía jurisdicción para atender la moción de relevo de sentencia porque se presentó fuera del término aplicable de seis meses. El 1 de diciembre de 2023, el TPI declaró *No Ha Lugar* la solicitud de relevo de sentencia. En específico, el Tribunal expresó que la señora Rogic Salazar debía presentar un pleito independiente de nulidad de sentencia, al palio de lo dispuesto en *Bco. Santander P.R. v. Fajardo Farms Corp.*, 141 DPR 237 (1996).

En desacuerdo con la antedicha decisión, la señora Rogic Salazar comparece ante nosotros mediante el recurso que nos ocupa y alega que el TPI cometió los siguientes errores:

> Erró el TPI y violó el debido proceso de ley de la Sra. Rogic al obligarla a presentar un pleito independiente sobe nulidad de sentencia, cuando los seis (6) meses dispuestos por la regla 49.2 de procedimiento civil no aplican a solicitudes de relevo de sentencia bajo el fundamento de nulidad por insuficiencia en el emplazamiento.

> Erró el TPI al no conceder en los méritos y conceder la solicitud de relevo de sentencia presentada por la Sra. Rogic.

> (Mayúsculas y negrillas suprimidas).

El 4 de marzo de 2024, TBB presentó su alegato en oposición. Con el beneficio de la comparecencia de ambas partes, estamos en posición de resolver.

## II.

Los remedios *postsentencia* son revisables ante este foro apelativo mediante el auto de *certiorari*.[4] Como es sabido, toda sentencia dictada por un tribunal tiene a su favor una presunción de validez y corrección. *López García v. López García*, 200 DPR 50 (2018). No obstante, en nuestro derecho procesal civil existe el relevo de sentencia como mecanismo *postsentencia* que capacita al juzgador a eliminar o modificar su dictamen.[5] Este remedio es extraordinario, discrecional y se utiliza para impedir que tecnicismos y sofisticaciones frustren los fines de la justicia. *Vázquez v. López,* 160 DPR 714, 725 (2003). La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, regula dicho remedio. La misma dispone que:

Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:

---

[4] El recurso de *certiorari* es uno de carácter discrecional. *Rivera Gomez v. Arcos Dorados Puerto Rico, Inc.,* 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico,* 205 DPR 163, 174 (2020); *León v. Rest. El Tropical,* 154 DPR 249 (2001). Nuestra decisión en cuanto a su expedición está sujeta a la consideración de los siguientes criterios:

(A)     Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
(B)     Si la situación de hechos planteada es la más indicada para el análisis del problema.
(C)     Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
(D)     Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.
(E)     Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
(F)     Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
(G)     Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40; *García v. Padró,* 165 DPR 324, 334 (2005).
[5] *Piazza v. Isla del Río, Inc.,* 158 DPR 440 (2003); *Ortiz Serrano v. Ortiz Díaz,* 106 DPR 445, 449 (1977); *Southern Construction Co. v. Tribunal Superior,* 87 DPR 903, 905-906 (1963).

   (a)   Error, inadvertencia, sorpresa o negligencia excusable;

[...]

(d) nulidad de la sentencia;

[...]

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Las disposiciones de esta regla no serán aplicables a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en los incisos (c) o (d) de esta regla. La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta regla no afectará la finalidad de una sentencia, ni suspenderá sus efectos.

  [...]

Como norma general, las mociones de relevo de sentencia deben presentarse dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia. *HRS Erase v. CMT,* 205 DPR 689, 698 (2020). No obstante, tales normas ceden cuando se trata de una sentencia que adolece de nulidad. *Íd; Piazza v. Isla del Río, Inc.,* supra.

Cónsono con lo anterior, si una parte presenta una moción de relevo de sentencia amparado en el inciso (d) de la Regla 49.2 de Procedimiento Civil, *supra*, y demuestra que la sentencia es nula, el foro primario no tendrá discreción para denegarla. "[S]i una sentencia es nula, tiene que dejarse sin efecto independientemente de los méritos que pueda tener la defensa o la reclamación del perjudicado". *García Colón et al. v. Sucn. González,* 178 DPR 527, 540, 543–544 (2010). Como es sabido, si una sentencia es nula, se tiene por inexistente y no surte efecto alguno. *López García v. López García,* supra, pág. 62. Una sentencia se considera nula cuando el tribunal actuó sin jurisdicción o cuando se quebrantó el debido proceso de ley de alguna de las partes. *García Colón et al. v. Sucn. González,* supra, pág. 543.

En lo pertinente, bajo la Regla 49.2 de Procedimiento Civil, *supra*, transcurridos los seis (6) meses aplicables, los tribunales tienen la autoridad para ordenar la presentación de una acción independiente contra una sentencia. Puede tratarse sobre la nulidad de sentencia por falta de jurisdicción o fraude al tribunal y se trataría de una demanda y un procedimiento distinto a aquel en que se produjo la sentencia. R. Hernández Cólon, *Derecho Procesal Civil*, 6ta ed., San Juan, 2017, sec. 4814, citando *Calderón Molina v. Federal Land Bank*, 89 DPR 704 (1963) y *Bco. Santander P.R. v. Fajardo Farms Corp.*, supra.[6]

De igual manera, el profesor Hernández Colón indica que;

Puede ejercitarse la acción independiente para revelar a una parte de una sentencia en los casos en que ha transcurrido el termino fatal de seis meses de haberse registrado la sentencia, siempre y cuando las circunstancias sean de tal índole que el tribunal pueda razonablemente concluir que mantener la sentencia constituiría una grave injusticia contra una parte que no ha sido negligente en el trámite de su caso y que, además, tiene una buena defensa en los méritos. *Id.* (citando *Figueroa v. Banco de San Juan*, 108 DPR 680, 689 (1979).

Tal es lo fundamental, que el Tribunal Supremo de Puerto Rico establece en *Bco. Santander P.R. v. Fajardo Farms Corp.*, supra, págs. 246-247, que;

[...]existen dos (2) mecanismos a través de los cuales una parte puede conseguir ser relevada de los efectos de una sentencia dictada sin jurisdicción sobre su persona. La Regla 49.2 de Procedimiento Civil, *supra*, alude a ambos mecanismos. El primero es una solicitud bajo la Regla 49.2 (4), *supra*, la cual, por disposición de la propia regla, debe ser presentada dentro de los seis (6) meses siguientes de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. **Transcurrido el término de seis (6) meses dispuesto en la Regla 49.2, *supra*, la parte que desee plantear la nulidad de la sentencia debe recurrir a una acción independiente de nulidad de sentencia.** (Énfasis nuestro).

---

[6] *Martínez v. Tribunal Superior*, 83 DPR 358, 362 (1961).

**III.**

En su recurso, la peticionaria aduce que erró el TPI al denegar el relevo de sentencia por ella solicitado, pues existía deficiencia en su emplazamiento.

De los hechos surge, que el tribunal recurrido dictó sentencia final el 12 de julio de 2022. Sin embargo, pasados más de 15 meses del dictamen, la peticionaria solicitó el relevo de sentencia al amparo de la Regla 49.2 (d) de las de Procedimiento Civil de Puerto Rico, *supra.*

Según expuesto, la Regla 49.2 de Procedimiento Civil de Puerto Rico, *supra,* dispone claramente que la parte afectada por una sentencia cuenta con un término máximo de seis (6) meses desde que es registrada la sentencia para presentar una moción de esta naturaleza. Ahora, en este caso, toda vez que la peticionaria sustenta su solicitud de relevo en nulidad de sentencia, es claro que el mencionado término no aplica. Así, nuestro ordenamiento jurídico ha establecido que, transcurrido dicho plazo, la parte que desee plantear la nulidad de la sentencia **tiene el deber** de recurrir a una acción independiente. *Bco. Santander P.R. v. Fajardo Farms Corp.*, supra, págs. 246-247

Así las cosas, colegimos que el TPI no erró, ni abusó de su discreción al declarar *No Ha Lugar* la moción de relevo de sentencia concernida, porque ciertamente estaba impedido de considerarla dentro del pleito original. No obstante, cabe señalar que el Tribunal no justipreció los méritos de la solicitud, pues ello deberá suscitarse en una acción independiente. Tal y como se le comunicó a la peticionaria, esta tiene la obligación de presentar un pleito independiente de nulidad de sentencia, conforme lo establecido en *Bco. Santander P.R. v. Fajardo Farms Corp.*, supra, en el cual deberá presentar la prueba pertinente a sus alegaciones. Aclaramos que la

determinación a la que hoy llegamos no tiene el alcance de prejuzgar los méritos de la moción instada por la peticionaria.

Ante la ausencia de alguna de las instancias contempladas en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, procede denegar la expedición del auto de *certiorari*.

**IV.**

Por las consideraciones que preceden, denegamos expedir el auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones