Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| HILDA SOSA QUIÑONEZ<br><br>EN INTERÉS DE:<br>EDWIN CANDELARIO ROSA<br><br>*EX PARTE*<br><br>Recurrida | KLCE202400452 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Guaynabo<br><br>Caso núm.: D2JV2023-0112<br><br>Sobre:<br><br>Art. 4.14 Ley Núm. 408-2000, Ley de Salud Mental de Puerto Rico |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Bonilla Ortiz, la jueza Mateu Meléndez y la jueza Prats Palerm

**Figueroa Cabán, Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de mayo de 2024.

Comparece la Administración de Servicios de Salud Mental y Contra la Adicción, en adelante ASSMCA o la peticionaria, quien nos solicita que revoquemos la *Resolución* emitida el 4 de abril de 2024. Mediante la misma, el Tribunal de Primera Instancia, Sala de Guaynabo, en adelante TPI, declaró no ha lugar la *Moción al Amparo de la Regla 49.2 de Procedimiento Civil*, presentada por la peticionaria.

Por los fundamentos que expondremos a continuación, se deniega la expedición del recurso de *certiorari*.

**-I-**

La señora Hilda Sosa Quiñonez, en adelante la señora Sosa, presentó una *Petición de Ingreso Involuntario por un Máximo de 15 Días,* en adelante Petición de Ingreso Involuntario[1], al amparo del Art. 4.14 de la Ley Núm. 408-2000, según enmendada. En la

_____

[1] Apéndice de la peticionaria en el KLCE202400149, págs. 79-86.

misma, fungió como peticionaria en interés de la persona para quien se solicita el ingreso involuntario, su hijo, el señor Edwin Candelario Sosa, en adelante el señor Candelario o el participante.

Luego de varios trámites innecesarios de relatar para obtener el resultado alcanzado, el TPI emitió una *Resolución y Orden*. Mediante la misma, ordenó: 1) a ASSMCA, ubicar de forma inmediata al señor Candelario en un lugar de cuidado prolongado como parte de los Servicios Transicionales Residenciales Orientados; 2) al Hospital Panamericano, a identificar un lugar privado, certificado y cuyo costo será sufragado por ASSMCA, para la ubicación del paciente mientras espera por su ingreso en un lugar de cuidado prolongado; o 3) a ASSMCA, pagar los gastos hospitalarios del recurrido hasta la ubicación del señor Candelario en un hogar de cuidado prolongado.[2]

Insatisfecha, ASSMCA presentó una *Moción al Amparo de la Regla 49.2 de Procedimiento Civil*. Alegó que el foro recurrido "no consideró" la *Moción de Réplica y Mostración de Causa* y procedió a reformular los argumentos previamente esbozados en la *Moción de Réplica y Mostración de Causa* y arguyó que la orden recurrida es ilegal porque violenta las normas de contratación gubernamental y es contraria a "los parámetros de los fondos federales", de los fondos estatales y de la División de Finanzas de ASSMCA.[3]

Por su parte, el TPI declaró no ha lugar la *Moción al Amparo de la Regla 49.2 de Procedimiento Civil*. Determinó:

---

[2] *Id.,* págs. 10-14.
[3] *Id.,* págs. 87-91.

"[R]esolvemos que no procede lo solicitado ya que el Tribunal consideró la posición de ASSMCA al momento de emitir su determinación, y así se desprende del cuerpo de la Resolución de 8 de enero de 2024. Tales argumentos fueron esbozados durante la vista de 8 de enero de 2024. Asimismo, resolvemos que los argumentos esbozados por la ASSMCA en su moción no reúnen los criterios para resolver que la Resolución de 18 de enero de 2024 es nula al amparo de la Regla 49.2 de las de Procedimiento Civil, *supra*.[4]

Aun insatisfecha, ASSMCA presentó un *Certiorari*, en el que alega que el TPI cometió los siguientes errores:

COMETI[Ó] GRAVE ERROR EL TRIBUNAL DE PRIMERA INSTANCIA, SALA MUNICIPAL DE GUAYNABO AL DICTAR UNA RESOLUCI[Ó]N Y ORDEN CONTRARIA A DERECHO Y DECLARAR NO HA LUGAR LA MOCI[Ó]N AL AMPARO DE LA REGLA 49.2 DE PROCEDIMIENTO CIVIL PERMITIENDO QUE SE PAGUE SERVICIOS QUE NO HAN SIDO CONTRATADOS POR ASSMCA.

COMETIÓ GRAVE ERROR DE DERECHO EL TRIBUNAL AL INTERFERIR CON LA POLÍTICA PÚBLICA DEL PODER EJECUTIVO EN CUANTO A LA FORMA Y MANERA EN QUE ASSMCA OFRECE LOS SERVICIOS A LA POBLACIÓN AL ORDENARLE A LA ASSMCA A UBICAR AL PACIENTE EDWIN CANDELARIO SOSA EN UN HOGAR SIN CONTRATO CON LA AGENCIA O EN LA ALTERNATIVA OBLIGARLE EL PAGO AL HOGAR Y AL HOSPITAL PANAMERICANO DONDE SE ENCUENTRA UBICADO EL JOVEN ACTUALMENTE, AFECTANDO LA SEPARACIÓN DE PODERES.

First Hospital Panamericano, Inc., en adelante Hospital Panamericano o el recurrido, presentó una *Moción de Desestimación y en Oposición a la Expedición del Auto de Certiorari*.

Luego de evaluar los escritos de las partes y los documentos que obran en autos, estamos en posición de resolver.

-II-

A.

Como cuestión de umbral, la Regla 52.1 de Procedimiento Civil establece el alcance de la revisión discrecional de las resoluciones u órdenes interlocutorias emitidas por el Tribunal de Primera Instancia en los siguientes términos:

---

[4] *Id.*, págs. 96-97.

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia[…].[5]

### 1.

Rebasado el umbral establecido en la Regla 52.1 de Procedimiento Civil, *supra*, corresponde a este tribunal intermedio determinar si procede revisar la determinación interlocutoria recurrida.

A esos efectos, el auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[6] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[7] Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[8]

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en

---

[5] Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.
[6] *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).
[7] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Medina Nazario v. McNeil Healthcare LLC*, *supra*, pág. 729; *García v. Padró*, *supra*, pág. 334.
[8] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Municipio v. JRO Construction*, 201 DPR 703, 711-712 (2019); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[9]

**B.**

La Regla 49.2 de Procedimiento Civil establece un mecanismo procesal para solicitar al foro de instancia el relevo de los efectos de una sentencia cuando esté presente alguno de los fundamentos allí expuestos,[10] a saber:

> …
>
> a) error, inadvertencia, sorpresa o negligencia excusable;
>
> b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber

---

[9] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 848; *Municipio v. JRO Construction*, *supra*; 4 LPRA Ap. XXII-B, R. 40.
[10] *García Colón et al. v. Sucn. González*, 178 DPR 527, 539 (2010); *De Jesús Viñas v. González Lugo*, 170 DPR 499, 513 (2007); 32 LPRA Ap. V, R. 49.2.

sido descubierta a tiempo para solicitar un nuevo juicio…;

c) fraude (…), falsa representación u otra conducta impropia de una parte adversa;

d) nulidad de la sentencia;

e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

f) cualquier otra razón que justifique la concesión de ese remedio contra los efectos de una sentencia. …[11]

Cabe señalar que la moción de relevo de sentencia no está disponible para corregir errores de derecho, ni errores de apreciación o valoración de la prueba; estos son fundamentos para una reconsideración o una apelación, pero no para el relevo de una sentencia.[12] Ahora bien, la moción se presentará dentro de un término razonable, que en ningún caso excederá el termino de seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento.[13] Transcurrido dicho plazo no puede adjudicarse la solicitud de relevo.[14]

Al atender una solicitud de relevo de sentencia al amparo de la Regla 49.2 es importante recordar que dicho recurso procesal tiene como finalidad impedir que los fines de la justicia se vean frustrados por tecnicismos y sofisticaciones.[15] De modo, que procede conceder dicho remedio excepcional, si el promovente tiene una buena defensa en sus méritos y el relevo no ocasiona perjuicio alguno al adversario.[16] Finalmente, dicho dispositivo

---

[11] *López García v. López García*, 200 DPR 50, 59-60 (2018); 32 LPRA Ap. V, R. 49.2.
[12] *García Colón et al. v. Sucn. González, supra,* pág. 543.
[13] *López García v. López García, supra; García Colón et al. v. Sucn. González, supra,* pág. 543; *Piazza v. Isla del Río, Inc.,* 158 DPR 440, 449 (2003); 32 LPRA Ap. V, R. 49.2.
[14] *García Colón et al. v. Sucn. González, supra; Bco. Santander PR v. Fajardo Farms Corp.,* 141 DPR 237, 243 (1996).
[15] *García Colón et al. v. Sucn. González, supra*, pág. 539.
[16] *Íd.*, pág. 541.

procesal debe interpretarse liberalmente y de haber duda corresponde dejar sin efecto la sentencia, continuar con los procedimientos y resolver el caso en sus méritos.[17]

## -III-

Debido a que se solicita la revisión de la denegatoria de una moción de carácter dispositivo, tenemos facultad para atender el recurso de *certiorari* ante nuestra consideración, *supra*.

Ahora bien, luego de revisar cuidadosamente los escritos de las partes y los documentos que los acompañan, consideramos que ni el remedio ni la disposición de la *Resolución* recurrida son contrarios a derecho. Regla 40 (A) del Reglamento del Tribunal de Apelaciones, *supra*.

Finalmente, tampoco encontramos alguna situación al amparo de los restantes criterios de la Regla 40 de nuestro Reglamento que justifique la expedición del auto.

## -IV-

Por los fundamentos previamente expuestos, se deniega la expedición del recurso de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[17] *Íd.*