ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| COOPERATIVA DE AHORRO & CREDITO NAGUABEÑA<br><br>Recurrido<br><br>v.<br><br>NOELIA JIMENEZ MOLINA<br><br>Peticionarios | **KLCE202301435** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Humacao<br><br>Civil Núm.: NG2022CV0022<br><br>Sobre: Cobro de Dinero Vía Ordinaria |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Bonilla Ortiz, Juez Ponente

**<u>SENTENCIA</u>**

En San Juan, Puerto Rico a 15 de febrero de 2024.

Comparece ante este foro, la Sra. Noelia Jiménez Molina (señora Jiménez o "la peticionaria") y nos solicita que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao, notificada el 17 de noviembre de 2023. En virtud de esta, el foro primario declaró *No Ha Lugar* a la solicitud de nulidad de sentencia instada por la peticionaria.

Por los fundamentos que expondremos a continuación, expedimos el auto, y se **REVOCA** el dictamen recurrido.

**I.**

El 24 de febrero de 2022, la Cooperativa de Ahorro & Crédito Naguabeña (Cooperativa o "parte recurrida") presentó una *Demanda* en cobro de dinero por la vía ordinaria contra la señora Jiménez, por concepto de una línea de crédito (NG2022CV00022).[1] Ese mismo día, la parte recurrida presentó, otra *Demanda* por cobro de

---

[1] *Demanda*, anejo I, págs. 1-14 del apéndice del recurso.

dinero, pero por un préstamo personal (NG2022CV00021). En lo pertinente al caso de autos, la parte recurrida adujo que la peticionaria les adeudaba la cantidad de $8,694.13 más los intereses acumulados, costas y honorarios de abogados.

El 18 de marzo de 2022, la parte recurrida presentó *Moción Solicitando Permiso para Emplazar por Edicto.*[2] En la misma, indicó que a pesar de las múltiples gestiones realizadas para emplazar personalmente a la peticionaria, las mismas resultaron infructuosas. Por lo tanto, había solicitado al foro primario que le permitiera emplazarla mediante edicto.

Así las cosas, el **25 de marzo de 2022**, el foro primario expidió el emplazamiento por edicto.[3] El referido edicto fue dirigido a la señora Jiménez a la siguiente dirección: PO BOX 971, NAGUABO, PR 00718-0971.

El **5 de mayo de 2022**, la Cooperativa presentó una *Moción Solicitando Anotación de Rebeldía y Solicitud de Sentencia Sumaria al amparo de la Regla 36.1 y 45.2.*[4] Solicitó que, le fuera anotada la rebeldía y dictara sentencia en contra de la peticionaria por no comparecer dentro del término provisto por ley.

Ante la incomparecencia de la peticionaria, el **20 de mayo de 2022**, el foro primario notificó una *Sentencia* en rebeldía.[5] Mediante el referido dictamen, condenó a la señora Jiménez a satisfacer a la Cooperativa la suma de $8,694.13 más los intereses acumulados hasta su total

---

[2] Véase, *Moción Solicitando Permiso para Emplazar por Edicto*, entrada núm. 8 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[3] Véase, *Emplazamiento por Edicto*, entrada núm. 7 en SUMAC.
[4] *Moción Solicitando Anotación de Rebeldía y Solicitud de Sentencia Sumaria al amparo de la Regla 36.1 y 45.2*, anejo II, págs. 15-16 del apéndice del recurso.
[5] *Sentencia*, anejo III, pág. 17 del apéndice del recurso.

saldo, más costas y la suma de $1,845.95 por concepto de costas y honorarios de abogado.

El **17 de junio de 2022**, fue expedida la *Notificación de Sentencia por Edicto*, la cual fue notificada a la alegada última dirección conocida de la señora Jiménez, la cual era: PO BOX 971, NAGUABO, PR 00718.[6]

El **22 de julio de 2022**, la Cooperativa instó *Moción en Cumplimiento de Orden*, mediante la cual certificó que el **23 de junio de 2022** había sido publicado el edicto sobre la *Sentencia*.[7]

Posteriormente, el **4 de agosto de 2022**, la parte recurrida presentó *Moción Solicitando Orden de Ejecución de Sentencia*.[8] En esencia, expresó que la peticionaria no había pagado el importe de *Sentencia*, por lo que, solicitaban la ejecución de la misma.

Así las cosas, al día siguiente el foro primario emitió una *Orden*.[9] Mediante el referido dictamen, declaró *HA LUGAR* la moción, y ordenó el embargo de bienes muebles e inmuebles para satisfacer la *Sentencia*.

Luego de varias incidencias procesales, el **21 de agosto de 2023**, la Cooperativa presentó una *Moción Solicitando Anotación de Sentencia en el Registro de la Propiedad*.[10] En síntesis, solicitó que se ordenara al Registrador de la Propiedad que anotara la *Orden y Mandamiento* en cobro de dinero sobre una propiedad de la peticionaria. El **23 de agosto de 2023**, el foro primario notificó una *Orden*, declarando *HA LUGAR* dicha moción.[11]

---

[6] Véase, *Notificación de Sentencia por Edicto*, entrada núm. 14 en SUMAC.
[7] *Moción en Cumplimiento de Orden*, anejo IV, págs. 18-1 del apéndice del recurso.
[8] *Moción Solicitando Orden de Ejecución de Sentencia,* anejo V, págs. 22-25 del apéndice del recurso.
[9] *Orden*, anejo VI, pág. 26 del apéndice del recurso.
[10] Véase, *Moción Solicitando Anotación de Sentencia en el Registro de la Propiedad,* entrada núm. 23 en SUMAC.
[11] Véase, *Orden*, entrada núm. 24 en SUMAC.

Así las cosas, el **30 de agosto de 2023**, fue expedido el *Mandamiento* dirigido al Registrador de la Propiedad de Humacao.[12]

No obstante, el 26 de octubre de 2023, la peticionaria presentó *Urgente Solicitud de Nulidad de Sentencia Bajo la Regla 49.2 de Procedimiento Civil.*[13] En esta, arguyó que procedía la nulidad de la sentencia y de los procedimientos posteriores a ella de conformidad con la Regla 49.2 de Procedimiento Civil. Alegó que, la parte recurrida había instado otro pleito el mismo día que presentó la demanda de epígrafe, sin embargo, sobre la presente controversia nunca le fue informada. Sostuvo que, desde el 22 de abril de 2022, que la representación legal de la peticionaria en el otro pleito compareció, les indicó la dirección de la señora Jiménez. Por lo tanto, alegó que la Cooperativa cuando solicitó la anotación de rebeldía el **5 de mayo de 2022**, ya tenían conocimiento que la peticionaria residía hacía varios años en el estado de Florida. Por lo tanto, expresó que las actuaciones de la parte recurrida constituyeron fraude o falsa representación al tribunal. De otra parte, señaló que la *Sentencia* es nula por falta de parte indispensable, ya que la señora Jiménez estuvo casada al momento de la solicitud.

Por su parte, el 15 de noviembre de 2023, la Cooperativa presentó *Oposición a Solicitud de Nulidad de Sentencia bajo la Regla 49.2 de Procedimiento Civil.*[14] En esencia, arguyó que las mociones radicadas a la

---

[12] Véase, *Mandamiento*, entrada núm. 28 en SUMAC.
[13] *Urgente Solicitud de Nulidad de Sentencia Bajo la Regla 49.2 de Procedimiento Civil*, anejo VII, págs. 27-29 del apéndice del recurso.
[14] *Oposición a Solicitud de Nulidad de Sentencia bajo la Regla 49.2 de Procedimiento Civil*, anejo IX, págs. 31-58 del apéndice del recurso.

peticionaria fueron notificadas a la dirección postal conocida, puesto que, ningún abogado había asumido la representación legal. Además, destacó que la abogada de la peticionaria en el otro pleito tenía conocimiento que adeudaba otra cuenta, refiriéndose a la línea de crédito. Finalmente, alegó que no procedía el relevo de la sentencia por nulidad, puesto que, cumplieron con el debido proceso de ley.

Evaluadas ambas posturas, el foro primario declaró *No Ha Lugar* la nulidad de la sentencia mediante una *Orden* notificada el 17 de noviembre de 2023.[15]

Inconforme, el 18 de diciembre de 2023, la señora Jiménez presentó el recurso de epígrafe, adujo que el foro primario cometió el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia, Sala de Humacao al declarar sin lugar la solicitud de nulidad de sentencia.

Por su parte, el 27 de diciembre de 2023, la Cooperativa presentó *Moción Informativa y Solicitud de Desestimación*. En esencia, alegó que procede la desestimación del recurso por incumplimiento con las Reglas 32 (d) y 33 (b) del Reglamento de este Tribunal de Apelaciones.

El 3 de enero de 2024, la peticionaria presentó *Oposición a Solicitud de Desestimación*. Mediante la cual, sostuvo que el recurso fue notificado conforme requiere la Regla 48 del Reglamento de este Tribunal.

Así las cosas, el 24 de enero de 2024, emitimos una *Resolución*, mediante la cual declaramos *NO HA LUGAR* a la solicitud de desestimación instada por la Cooperativa.

---

[15] *Orden*, anejo X, pág. 69 del apéndice del recurso.

El 6 de febrero de 2024, la parte recurrida presentó su oposición al recurso de *certiorari*. Mediante este, rechazó que el foro primario actuara de manera arbitraria o discriminatoria.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver el asunto ante nuestra consideración. Veamos.

**II.**

**-A-**

En lo sustantivo, el *certiorari* es un recurso extraordinario discrecional expedido por un tribunal superior a otro inferior, mediante el cual el primero está facultado para enmendar errores cometidos por el segundo, cuando "el procedimiento adoptado no esté de acuerdo con las prescripciones de la ley." Véase, Artículo 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491; *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, resuelto el 12 de abril de 2023; *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917-918 (2008). La expedición del auto descansa en la sana discreción del tribunal. *Medina Nazario v. McNeill Healthcare*, 194 DPR 723, 729 (2016).

Para todo tipo de recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 40, establece los criterios que este foro debe tomar en consideración al atender una solicitud de expedición de este recurso discrecional. Estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En lo pertinente a este caso, el *certiorari* también es el recurso apropiado para solicitar la revisión de determinaciones post sentencia. *IG Builders et al. v. BBVAPR,* supra, pág. 339. A esos efectos, el Tribunal Supremo expresó que:

> Las resoluciones atinentes a asuntos postsentencia no se encuentran comprendidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de certiorari. De otra parte, por emitirse este tipo de decisión luego de dictada la sentencia, usualmente tampoco cualifica para el recurso de apelación provisto para dictámenes judiciales finales. Se corre el riesgo, por lo tanto, de que fallos erróneos nunca se vean sujetos a examen judicial simplemente porque ocurren en una etapa tardía en el proceso, tal como lo es la ejecución de sentencia. *IG Builders et al. v. BBVAPR*, supra.

**-B-**

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, es el vehículo procesal mediante el cual una parte adversamente afectada por una sentencia puede solicitar el relevo de esta. *Pérez Ríos y otros v. Luma*

*Energy, LLC*, 2023 TSPR 136, 213 DPR ___ (2023); *SLG Rivera-Perez v. SLG Díaz-Doe et al*, 207 DPR 636, 656-657 (2021); *López García v. López García*, 200 DPR 50, 59 (2018). El propósito de la precitada regla es proveer un justo balance entre dos intereses conflictivos. Ellos son, el asegurar que los pleitos se resuelvan en sus méritos, y, por otra parte, que las decisiones sean conforme a los principios de la justicia. *López García v. López García,* supra, pág. 60.

La Regla 49.2 de Procedimiento Civil contempla una serie de escenarios en los cuales el tribunal podrá relevar a una parte de los efectos de una sentencia dictada en su contra. Estos son:

> (a)  Error, inadvertencia, sorpresa o negligencia excusable;
>
> (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
>
> (c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;
>
> (d) nulidad de la sentencia;
>
> (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o
>
> (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. Regla 49.2 de Procedimiento Civil, *supra*.

No será suficiente que esté presente uno de los mencionados escenarios para que el tribunal deje sin efecto el dictamen notificado. El juzgador deberá evaluar el expediente del caso en su totalidad y

determinar si bajo las circunstancias particulares del asunto amerita que se deje sin efecto la sentencia. *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 817 (1986). Asimismo, el tribunal debe considerar los siguientes criterios: (1) cualquier defensa válida que pueda levantar la parte que se opone al relevo de sentencia; (2) el tiempo que transcurrió entre la sentencia y la solicitud del relevo; (3) el perjuicio que sufriría la parte opositora si se concede la solicitud del peticionario; y (4) el perjuicio que sufriría la parte promovente de dejarle desprovista del remedio solicitado. *Pardo v. Sucn. Stella*, 145 DPR 816, 825 (1998).

Es menester destacar que el mecanismo de relevo de sentencia es una facultad discrecional del tribunal de instancia y debe ser interpretado liberalmente. En caso de duda, debe ser resuelta en favor de la parte que solicita el remedio. *Náter v. Ramos*, 162 DPR 616, 624-625 (2004). No obstante, cuando una sentencia es nula *ab initio*, el juzgador no tendrá discreción para relevar a una parte de los efectos de una sentencia. *Pérez Ríos y otros v. Luma Energy, LLC*, supra; *Náter v. Ramos*, supra, pág. 625.

Una sentencia es nula cuando se ha dictado sin jurisdicción o en violación del debido proceso de ley. *SLG Rivera-Pérez v. SLG Díaz-Doe, et al*, supra, pág. 657. Así, pues, la parte que meritoriamente ha levantado la defensa de nulidad debe prevalecer en su solicitud, independientemente de los méritos que pueda tener la defensa o reclamación del perjudicado. Ello, puesto que lo nulo no ha nacido a la vida jurídica. R. Hernández Colón, *Práctica Jurídica de Puerto Rico,*

*Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis, 2017, Sec. 4807, pág. 457.

Por otra parte, cabe señalar que la regla dispone un término fatal de seis (6) meses para la presentación del relevo de sentencia. *Bco. Santander P.R. v. Fajardo Farms Corp.*, 141 DPR 237, 243 (1996). Sin embargo, si la solicitud del remedio se basa en que el emplazamiento no se realizó conforme a derecho o que se cometió fraude al tribunal, el promovente podrá presentar la referida moción luego de transcurridos los seis (6) meses de haberse dictado la sentencia. *Íd.*, págs. 243-244. R. Hernández Colón, *ob. cit.,* secs. 4810, págs. 458-459; J.A. Cuevas Segarra, *Tratado de Derecho Civil*, 2da ed., San Juan, Pubs. JTS, 2000, T. IV, págs. 1405 y 1413. Nuestro Tribunal Supremo ha expresado que el dictamen que se emite en una acción en la cual el emplazamiento fue defectuoso, es nulo de su faz, puesto que el tribunal no puede adquirir jurisdicción sobre una persona que no se emplazó correctamente. *Bco. Santander P.R. v. Fajardo Farms Corp.*, supra, pág. 244. Asimismo, ante una sentencia nula, no trascurren los términos, porque la nulidad es insubsanable. *J.A. Montañez v. Policía de Puerto Rico*, 150 DPR 917, 922 (2000); Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, 1ra ed. rev., 2012, pág. 297. Además, el Tribunal Supremo expresó recientemente que una parte que evita emplazar a una persona conforme a derecho comete fraude al tribunal. *Colón Vega v. Díaz Lebrón*, 2023 TSPR 27, 211 DPR ___ (2023).

A los fines de resolver este caso, aclaramos que la Regla 49. 2, *supra*, dispone que "[e]sta regla no limita el poder del tribunal para [c]onocer de un pleito

independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento." A modo de ejemplo, acentuamos que en *Bco. Santander P.R. v. Fajardo Farms Corp.*, supra, se presentó una solicitud de relevo de sentencia luego de aproximadamente tres (3) años de haberse emitido el dictamen. El tribunal afirmó que, habiendo trascurrido más de seis (6) meses desde que se dictó la sentencia, lo propio era presentar un pleito independiente en el que se solicitara declarar nula la sentencia.

### III.

Como único señalamiento de error, la peticionaria alega que incidió el foro primario al denegar la solicitud de nulidad de sentencia.

En el caso de autos, el **24 de febrero de 2022**, la Cooperativa presentó dos (2) demandas en cobro de dinero contra la peticionaria, una por concepto de un préstamo personal y la segunda, por una línea de crédito. En la *Demanda* –NH2022CV00022-, objeto de la presente controversia, el **18 de marzo de 2022**, la parte recurrida solicitó permiso para emplazar por edicto a la señora Jiménez, y el **25 de marzo de 2022**, el foro primario expidió el emplazamiento por edicto, siendo notificado a la siguiente dirección: PO BOX 971, NAGUABO, PR 00718-0971.

Posteriormente, el **5 de mayo de 2022**, la Cooperativa presentó una moción solicitando le fuera anotada la rebeldía a la peticionaria, y como consecuencia, el **20 de mayo de 2022**, el foro primario dictó *Sentencia* declarando ha lugar la demanda. Por consiguiente, el **17 de junio de 2022**, fue expedida la *Notificación de Sentencia por Edicto*, y de igual forma,

fue notificada a la última dirección conocida de la señora Jiménez: PO BOX 971, NAGUABO, PR 00718.

Luego de varias incidencias procesales, el **26 de octubre de 2023,** la peticionaria solicitó la nulidad de la sentencia y de los procedimientos posteriores a ella, debido a que, las actuaciones de la parte recurrida constituyeron fraude o falsa representación al tribunal. En la moción, la señora Jiménez expresó que, desde el **22 de abril de 2022,** cuando compareció su representación legal en el otro pleito, la Cooperativa tenía conocimiento de la nueva dirección de la peticionaria. A su vez, que la sentencia era nula por falta de parte indispensable, ya que la señora Jiménez estuvo casada al momento de la solicitud de la línea de crédito objeto de este caso.

Por su parte, la Cooperativa arguyó que las mociones radicadas a la señora Jiménez fueron notificadas a la dirección postal conocida, puesto que, ningún abogado había asumido la representación legal en dicho pleito. A su vez, sostuvo que la abogada tenía conocimiento la deuda. Por lo tanto, plantearon que no procedía el relevo de la sentencia, puesto que, cumplieron con el debido proceso de ley.

Habiendo evaluado las posturas de ambas partes, el foro primario denegó la moción de nulidad de sentencia. Por consiguiente, la peticionaria nos solicita que expidamos el presente auto de *certiorari,* para revocar el dictamen recurrido.

Conforme al derecho antes expuesto, la Regla 49.2 de Procedimiento Civil, *supra,* para que proceda el relevo de sentencia, "es necesario que el peticionario aduzca, al menos, una de las razones enumeradas en esa

regla para tal relevo." *García Colón et al. v. Sucn. González*, supra, pág. 540. A saber: error, inadvertencia, sorpresa, negligencia excusable, descubrimiento de evidencia esencial, fraude, nulidad de la sentencia, que la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella o cualquier otra razón que justifique la concesión de un remedio. Además, la solicitud de relevo de sentencia tiene que presentarse dentro de seis (6) meses desde que se registró la notificación del dictamen. Reconocemos que, si una sentencia es nula, no hay margen de discreción y es obligatorio dejarla sin efecto. *Íd.*, pág. 543. Cónsono con lo anterior, se considera que una sentencia es nula cuando al dictarla se quebrantó el debido proceso de ley. *Íd.*

En el presente caso, la Cooperativa tenía conocimiento que la dirección a la que estaban realizando las notificaciones de la Señora Jiménez no era la última dirección conocida. Desde el **22 de abril de 2022**, en el caso NG2022CV00021, la abogada de la señora Jiménez, asumió representación legal e informó la dirección de la peticionaria.[16] Sin embargo, la parte recurrida optó por continuar realizando las notificaciones a otra dirección. Por consiguiente, dicha acción por parte de la Cooperativa es una violación al debido proceso de ley que conlleva obligatoriamente el relevo de la sentencia.

---

[16] Por este medio, tomamos conocimiento judicial respecto a que, en el caso NG2022CV00021, el 22 de abril de 2022, la representación legal de la señora Jiménez presentó una moción, mediante la cual indicó que "[l]a parte demandada es residente de 733 Ave Tercera – Apt. 104, Clermont, Fl. 34714." Véase, civil núm. NG2022CV00021, *Moción Asumiendo Representación Legal y Solicitud de Prórroga*, entrada núm. 9 en SUMAC.

A tenor con ello, resolvemos que procede el relevo de sentencia, toda vez que, en este caso, el foro primario quebrantó el debido proceso de ley de la señora Jiménez.  Así pues, procede declarar nula la *Sentencia* al amparo de la Regla 49.2 de Procedimiento Civil, *supra*.

**IV.**

Por los fundamentos que anteceden, expedimos el auto y **REVOCAMOS** el dictamen recurrido.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones