Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Wilmington Savings Fund Society FSB d/b/a Christiana Trust, as indenture Trustee for the CSMC 2015-PR 1 Trust Mortgage-Backed Notes, Series 2015-PR1<br><br>Recurrida<br><br>vs.<br><br>La Sucn. de Aida Aurora Ortiz Cheveres t/c/c Aida A. Cheveres y Aida Aurora Ortiz Chevres compuesta por Adrián Edgardo Ortiz Chevres y Carlos Ortiz Chevres; John Doe y Richard Roe como miembros desconocidos; Administración para el Sustento de Menores, y Centro de Recaudación Sobre Ingresos Municipales<br><br>Peticionarios | KLAN202400641 | **APELACIÓN acogida como _CERTORARI_** procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2020CV00679<br><br><br>Sobre:<br><br>Ejecución de Hipoteca por la Vía Ordinaria y Cobro de Dinero |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de julio de 2024.

Comparece ante nos, la señora Isabel Freiría de Álvarez (en adelante, Sra. Freiría de Álvarez o peticionaria), quien presenta recurso de apelación en el que solicita la revocación de la "Resolución y Orden" emitida el 25 de abril de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante dicho dictamen, el foro primario declaró No Ha Lugar la solicitud de anulación de sentencia presentada por la peticionaria.

---

[1] Notificada el 26 de abril de 2024.

Número Identificador

SEN2024 _____

Asimismo, declaró No Ha Lugar la petición para que se le acumulara como parte demandada en el caso.

Tras examinar la naturaleza y procedencia del caso de autos, la apelación presentada ante nuestra consideración será acogida como un recurso de *Certiorari*, aunque conservará la clasificación alfanumérica asignada por la Secretaría de este Tribunal.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, confirmamos el dictamen mediante los fundamentos que expondremos a continuación.

**I.**

El 7 de febrero de 2020, Wilmington Savings Fund Society FSB (en lo sucesivo, WSFS o recurrida) presentó una "Demanda" por cobro de dinero y ejecución de hipoteca contra la señora Aida Aurora Ortiz Cheveres (a continuación, Sra. Ortiz Chéveres). En resumidas cuentas, alegó que, el 29 de abril de 2006, la Sra. Ortiz Chéveres suscribió un pagaré garantizado mediante hipoteca constituida sobre un inmueble ubicado en el municipio de Dorado, Puerto Rico. Arguyó que, desde el 1 de agosto de 2019, la Sra. Ortiz Chéveres incumplió con los términos del pagaré hipotecario, tras dejar de satisfacer las mensualidades correspondientes. Adujo que, como tenedor del pagaré, posee derecho a exigir su cumplimiento. A tenor, solicitó el pago de $732,261.80 de principal, más intereses y cualquier otra cantidad pactada. Para satisfacer su acreencia, peticionó, además, que se ordenase la venta en pública subasta de la propiedad en cuestión.

Sin embargo, el 6 de marzo de 2020,[2] WSFS informó al Tribunal que la Sra. Ortiz Chéveres había fallecido, y que le sobreviven como herederos sus dos hermanos: (1) Adrián Edgardo Ortiz Chéveres y (2) Carlos Ortiz Chéveres (en adelante, hermanos

---

[2] Notificada el 11 de enero de 2023.

herederos).  En  vista  de  lo  anterior,  solicitó  enmendar  su reclamación a los únicos fines de incluir como partes demandadas a los miembros de la sucesión de la Sra. Ortiz Chéveres.  Esto es, a los hermanos herederos y, además, "a John Doe y Richard Roe como posibles herederos desconocidos".[3]

Dicha  petición  fue  declarada  Ha  Lugar  mediante  Orden emitida el 12 de marzo de 2020.[4]  Por consiguiente, se ordenó el emplazamiento  personal  de  los  hermanos  herederos,  y  el emplazamiento  por  edicto  y  la  interpelación  judicial  de  los herederos  desconocidos.[5]  Además,  se  expidió  emplazamiento contra la Administración para el Sustento De Menores (ASUME) y contra  el  Centro  de  Recaudación  sobre  Ingresos  Municipales (CRIM).[6]

Posteriormente,  ambos  hermanos  herederos  presentaron sendos escritos informando que habían repudiado su participación en  la  herencia  de  su  hermana,  la  Sra.  Ortiz  Chéveres.  Por esto, solicitaron se desestimara la reclamación presentada en contra de éstos.[7]

Así las cosas, el 30 de diciembre de 2020, la Sra. Freiría de Álvarez  presentó  una  "Comparecencia  Especial  en  Solicitud  de Prórroga para Ejecutar", e informó que la Sra. Ortiz Chéveres dejó un testamento ológrafo por el cual le legó la propiedad objeto de ejecución.  Aclaró que, "le interesa mediar en este proceso para poder  intentar  quedarse  con  la  propiedad  que  es  objeto  de ejecución".  Por esto, solicitó una prórroga en cuanto a la ejecución del inmueble, mientras se dilucida su solicitud de protocolización de testamento ológrafo.

---

[3] Véase, "Moción Informativa y en Solicitud de Enmienda al Epígrafe, Demanda Enmendada y para que se Expidan Nuevos Emplazamientos" del 6 de marzo de 2020; SUMAC entrada número 4.
[4] Notificada el 29 de marzo de 2020.
[5] Véase, SUMAC entradas número 8-10.
[6] Véase, SUMAC entradas número 11 y 12.
[7] Véase, mociones presentadas los días 15 de octubre de 2020 y 2 de noviembre de 2020; SUMAC entradas 25 y 29.

Mediante "Orden" emitida el 21 de enero de 2021,[8] el foro *a quo* concedió la prórroga solicitada, hasta el 30 de marzo de 2021. A su vez, ordenó a la recurrida a exponer su posición en cuanto a la comparecencia especial presentada por la peticionaria.

A esos efectos, el 7 de abril de 2021, WSFS presentó una "Moción Informativa, en Cumplimiento de Orden, para que se Anote Rebeldía y se Dicte Sentencia Sin Vista". En lo pertinente, manifestó lo siguiente:

> *En torno a la comparecencia especial la parte demandante indica que al presente la comparecencia de la Sra. Isabel Freiria de Álvarez no es necesaria en el presente caso para que el mismo continúe. La Sra. Isabel Freiria de Álvarez no es parte indispensable, no necesaria en el pleito por lo cual procede la continuación de los procedimientos. Su intervención a manera de comparecencia especial tampoco reúne criterios requerido por las Reglas de Procedimiento Civil por lo cual en cumplimiento con lo ordenado procede se continúen los procedimientos.*

Adicionalmente, solicitó se les anotase la rebeldía a los codemandados John Doe y Richard Roe, y se emitiese sentencia en rebeldía.

Atendidas las posiciones de ambas partes, el 3 de mayo de 2021,[9] el Tribunal de Primera Instancia emitió una "Sentencia" mediante la cual desestimó la reclamación contra los hermanos herederos por éstos haber repudiado la herencia. Asimismo, declaró Ha Lugar la "Demanda", y ordenó el pago de las cantidades reclamadas y la venta en pública subasta del inmueble.

El 19 de mayo de 2021, la Sra. Freiría de Álvarez presentó una "Comparecencia Especial Informativa", y volvió a solicitar la paralización de la ejecución de la propiedad por un término adicional de 60 días, con el fin de que se celebrara la vista sobre adveración de testamento ológrafo en el caso BY2020CV04207.

---

[8] Notificada ese mismo día.
[9] Notificada el 4 de mayo de 2021.

Concedido un término para replicar, el 14 de junio de 2021, WSFS presentó una "Moción en Cumplimiento de Orden, Informativa y para que se Expida Orden y Mandamiento de Ejecución", y se opuso a la segunda paralización solicitada por la peticionaria. Esgrimió lo siguiente:

> *Surge del portal de SUMAC que el caso BY2020CV04207 tiene vista señalada para el 29 de junio de 2021. Por otro lado, el presente caso puede continuar su curso y ello no impide que al culminar el proceso de adveración del testamento ológrafo la Sra. Freiría de Álvarez informe su resultado y proceda de la manera correspondiente. No resulta necesario que culmine el proceso de adveración y protocolización de testamento ológrafo para poder continuar la presente causa de acción.*

Mediante "Orden" emitida el 25 de agosto de 2021,[10] el foro recurrido ordenó la venta en pública subasta de la propiedad hipotecada. Se calendarizó la primera subasta pública para el día 21 de octubre de 2021. Empero, ésta no se llevó a cabo y se recalendarizó para el día 7 de febrero de 2022.

Varios meses después, el 2 de febrero de 2022, la Sra. Freiría de Álvarez presentó una "Moción Informativa y en Solicitud Urgente de Orden de Paralización de Subasta". Expuso que, el 1 de febrero de 2022, se celebró la vista en el caso BY2020CV04207, y el Tribunal determinó ordenar la legalización del testamento ológrafo hecho por la Sra. Ortiz Chéveres. Debido a que la subasta de la propiedad estaba pautada para el 7 de febrero de 2022, solicitó la paralización de la misma.

WSFS se opuso a dicho pedido mediante "Moción en Cumplimiento de Orden y Réplica a Moción Informativa y en Solicitud Urgente de Paralización de la Subasta" presentada el 3 de febrero de 2022. Indicó que, la peticionaria no acompañó una resolución final y firme, y que todavía persisten trámites para completar el proceso de adveración. Además, destacó el hecho de

---

[10] Notificada en igual fecha.

que la peticionaria no había presentado una solicitud de mitigación de pérdidas, según lo exige la ley.

Evaluados sus escritos, el 4 de febrero de 2022,[11] el Tribunal de Primera Instancia emitió una "Orden" y suspendió la subasta pautada para el 7 de febrero de 2022. También paralizó los procedimientos por un término de 30 días.

El 8 de marzo de 2022, la Sra. Freiría de Álvarez solicitó autorización para figurar como parte demandada en el caso, por ser heredera de la propiedad objeto del pleito.[12] Peticionó, además, que se levante la rebeldía y se le permita contestar la "Demanda".

Estando el caso paralizado por más de un año, el 25 de marzo de 2023, WSFS accedió a que la peticionaria figure como parte demandada, y añadió que tampoco tenía objeción a que se le levante la rebeldía.[13]

Tiempo después, el 21 de noviembre de 2023, la Sra. Freiría de Álvarez presentó "Moción en Solicitud de Orden", y manifestó que, a los fines de tomar una determinación informada sobre la aceptación de la herencia, necesitaba acceso a la propiedad para ver su estado actual. Sin embargo, acentuó que la recurrida no le ha provisto el acceso solicitado, por lo que solicitó una orden a esos fines.

No habiéndose la recurrida opuesto dentro del término concedido, el 12 de diciembre de 2023,[14] el foro primario ordenó se le permitiera a la Sra. Freiría de Álvarez acceder a la propiedad a los fines de poder tomar una determinación final sobre la aceptación de la herencia.

Tras varias incidencias procesales, el 14 de febrero de 2024, WSFS presentó una "Moción en Solicitud de Continuación de los

---

[11] Notificada ese mismo día.
[12] Véase, "Moción Urgente Solicitando Asumir Representación Legal y Paralización de los Documentos"; SUMAC entrada número 60.
[13] Véase, "Moción en Cumplimiento de Orden, en Solicitud de Continuación de los Procedimientos y otros Extremos"; SUMAC entrada número 70.
[14] Notificada el 13 de diciembre de 2023.

Procedimientos y otros Extremos" e informó que: (1) no tiene la posesión del inmueble, por lo cual no puede darle acceso a la peticionaria, (2) la Sra. Freiría de Álvarez fue interpelada en el caso SJ2023CV02414, donde se emitió "Sentencia" el 22 de agosto de 2023 y se le ordenó a aceptar o repudiar la herencia, (3) por no haberse expresado dentro del término concedido, se emitió "Resolución" el caso SJ2023CV02414 y se dio por aceptado el legado, (4) dicha "Resolución" es final y firme, toda vez que no se recurrió del dictamen, y (5) quedando establecido en el caso SJ2023CV02414 que la peticionaria aceptó la herencia, solicitó la continuación de los procedimientos y la celebración de la pública subasta.

Ese mismo día, o sea, el 14 de febrero de 2024, WSFS peticionó la sustitución de parte para que se incluyera a la Sra. Freiría de Álvarez como demandada.[15]

Al próximo día, entiéndase, el 15 de febrero de 2024,[16] el foro *a quo* autorizó la sustitución de parte para que se incluyera a la peticionaria como sucesora de la Sra. Ortiz Chéveres. A su vez, autorizó recalendarizar la venta del inmueble objeto de ejecución.[17] Se pautó la venta de la propiedad en pública subasta para los días 11, 18 y 25 de abril de 2024.[18]

En desacuerdo, el 8 de abril de 2024, la Sra. Freiría de Álvarez presentó una "Urgente Paralización de Subasta y Solicitud de Anulación de Sentencia", y aseveró que se le violentó su debido proceso de ley por tratarse de una parte indispensable que no se acumuló en el caso. En ese contexto, argumentó que la "Sentencia" dictada el 3 de mayo de 2021 es nula, y solicitó el

---

[15] Véase, "Moción para Sustituir Miembro de la Sucesión Demandada Conforme Resolución Emitida y para Conformar Epígrafe y Procedimientos"; SUMAC entrada número 89.

[16] Notificada en igual fecha.

[17] Véase, "Orden" del 15 de febrero de 2024; SUMAC entrada número 90.

[18] Véase, "Anuncio de Subasta" del 15 de abril de 2024; SUMAC entrada número 94.

relevo al amparo de la Regla 49.2 de Procedimiento Civil, *infra.* Adicionalmente, peticionó se le emplace conforme a derecho ordene la paralización de la subasta pública.

El 25 de abril de 2024, WSFS presentó su oposición. En síntesis, sostuvo que: (1) la Sra. Isabel Freiría de Álvarez no es parte indispensable, ya que la única parte indispensable en una acción de ejecución de hipoteca es el titular registral al momento de radicarse la demanda. A esos efectos, expresó que la peticionaria ni tan siquiera ha presentado la escritura de protocolización del testamento ológrafo, (2) un relevo de sentencia por nulidad presentado luego de los seis meses que dispone la Regla 49.2 de Procedimiento Civil, *infra,* requiere la presentación de un pleito independiente, (3) a dos años de dictada la "Sentencia" cuya nulidad se solicita, la Sra. Isabel Freiría de Álvarez manifestó en el caso SJ2023CV02414 que no había aceptado o repudiado la herencia, y solicitó un término para ello, (4) no se ha acreditado el proceso de protocolización del testamento ológrafo el cual, como documento privado, carece de eficacia jurídica hasta que no culmine el procedimiento de adveración y protocolización, y (5) la solicitud de emplazamiento no es necesaria, ya que la peticionaria se sometió a la jurisdicción del Tribunal.

Atendidas las posturas de las partes, el 25 de abril de 2024,[19] el foro recurrido emitió una "Resolución y Orden" mediante la cual declaró No Ha Lugar la solicitud de anulación de sentencia presentada por la Sra. Isabel Freiría de Álvarez. Asimismo, declaró No Ha Lugar la petición para que se le acumulara como parte demandada en el caso, por haberse sometido a la jurisdicción del tribunal.

En descontento, el 10 de mayo de 2024, la Sra. Isabel Freiría de Álvarez presentó una "Solicitud de Reconsideración", y reiteró

---

[19] Notificada el 26 de abril de 2024.

sus argumentos en cuanto a que la "Sentencia" cuya nulidad se solicita es inoficiosa, y que la peticionaria debió ser acumulada como parte. Además, apuntó que no se incluyeron como partes al CRIM ni a ASUME, lo que constituye una insuficiencia insalvable en la "Demanda".

Por su parte, el 30 de mayo de 2024, WSFS presentó su "Moción en Oposición a Reconsideración", y recalcó que el relevo era improcedente en derecho. A su vez, anejó prueba del emplazamiento del CRIM y de ASUME.[20]

El 2 de junio de 2024,[21] el Tribunal de Primera Instancia emitió una "Resolución", y declaró No Ha Lugar la "Solicitud de Reconsideración" presentada por la peticionaria.

Inconforme, la Sra. Isabel Freiría recurre ante este foro apelativo intermedio, y señala la comisión de los siguientes errores, a saber:

> *Erró el Tribunal de Primera Instancia al no ordenar que se acumulara como parte demandada a la señora Isabel Freiría.*
>
> *Erró el Tribunal de Primera Instancia al denegar decretar la nulidad de Sentencia por falta de parte indispensable.*
>
> *Erró el Tribunal de Primera Instancia al no decretar la nulidad de la Sentencia según correspondía por la ausencia de prueba de emplazamientos a CRIM y a ASUME.*

**II.**

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, establece un mecanismo post sentencia por el cual una parte puede solicitar el relevo de los efectos de una sentencia, siempre y cuando esté presente alguno de los fundamentos allí expuestos. *Pérez Ríos et al. v. CPE*, 2023 TSPR 136. En términos literales, la antedicha regla lee como sigue:

> *Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:*

---

[20] Véase, anejos SUMAC entrada 99.
[21] Notificada el 3 de junio de 2024.

*(a) error, inadvertencia, sorpresa o negligencia excusable;*

*(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;*

*(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;*

*(d) **nulidad de la sentencia**;*

*(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o*

*(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.*

*Las disposiciones de esta regla no aplicarán a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (c) o (d). La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para:*

*(1) **conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento**;*

*(2) conceder un remedio a una parte que en realidad no haya sido emplazada, y*

*(3) dejar sin efecto una sentencia por motivo de fraude al tribunal.*

(Énfasis nuestro).

Para conceder un remedio bajo esta regla, el tribunal debe considerar dos aspectos importantes. Primero, que la solicitud esté fundamentada en una de las causales que dispone la regla. Segundo, evaluar las circunstancias específicas del caso, y determinar si existen razones que justifiquen la concesión del remedio. *García Colón et al. v. Sucn. González*, 178 DPR 527, 540 (2010).

Por tanto, y como norma general, la determinación de conceder o no el relevo de sentencia es una decisión discrecional.

*Íd.* Sin embargo, cuando el relevo se fundamenta en el inciso (d) o (e) de la Regla 49.2 de Procedimiento Civil, *supra*, no hay margen de discreción para dejar sin efecto la sentencia. *Íd.*, a la págs. 540 y 543. En otras palabras, si la sentencia es nula o ha sido satisfecha, no es necesario considerar los méritos que pueda tener la defensa o reclamación del perjudicado; el tribunal está obligado de conceder el relevo. *Íd.*, a la pág. 543; *Montañez v. Policía de Puerto Rico*, 150 DPR 917, 922 (2000).

Respecto al cuarto fundamento – nulidad de sentencia – nuestro Alto Foro ha expresado que, aun cuando la Regla 49.2 de Procedimiento Civil, *supra*, provee que la moción de relevo tiene que presentarse dentro de los seis meses desde que se registró la sentencia, este término es inoperante ante una sentencia nula. *Pérez Ríos et al. v. CPE, supra.*

Al respecto, y en lo que nos concierne, nuestra Alta Curia ha expresado que:

> *[A]un después de transcurrido el referido término de seis meses, la propia regla reconoce el poder de un tribunal <u>para conocer de un pleito independiente</u> con el propósito de relevar a una parte de una sentencia*, orden o procedimiento; conceder un remedio a una parte que en realidad no hubiese sido emplazada, y dejar sin efecto una sentencia por motivo de fraude al tribunal. *Rivera v. Jaume,* 157 DPR 562, 573-574 (2002).

(Citas Omitidas) (Énfasis suplido).

Generalmente, el ejercicio de esta acción independiente se admite cuando la sentencia es nula, ya que ésta es inexistente. *Figueroa v. Banco de San Juan*, 108 DPR 680, 689 (1979). Una sentencia es nula cuando se ha dictado sin jurisdicción o cuando se ha quebrantado el debido proceso de ley. *García Colón et al. v. Sucn. González, supra*, a la pág. 543. **Por ende**, **independientemente de que haya transcurrido el término de 6 meses dispuesto en la Regla 49.2 de Procedimiento Civil**, ***supra*, el peticionario de un relevo de sentencia posee derecho**

**a incoar <u>un pleito independiente</u> para que se decrete la nulidad de la sentencia impugnada**. *Bco. Santander P.R. v. Fajardo Farms Corp.*, 141 DPR 237, 245 (1996) (se resuelve que "el peticionario tenía derecho a incoar una acción independiente de nulidad de sentencia"). Lo anterior, debido a que el tribunal tiene la facultad inherente, ya sea *muto proprio* o a instancia de parte, para dejar sin efecto en cualquier momento una sentencia nula. *Figueroa v. Banco de San Juan, supra*, a la pág. 688.

No obstante, el reconocimiento de esta acción no constituye una llave maestra para dejar sin efecto sentencias válidamente dictadas, ni sustituye los recursos de apelación o reconsideración. *García Colón et al. v. Sucn. González, supra*, a la pág. 540. Sino que, la reserva de este derecho – derecho a la acción independiente – está predicado en la justicia fundamental de la reclamación. *Rivera v. Jaume, supra*, a la pág. 574.

**III.**

De entrada, debemos mencionar que, de conformidad con los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, y a la luz de lo resuelto en *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012) respecto a la revisión de decisiones emitidas luego de dictarse sentencia, este foro apelativo intermedio se encuentra en posición de expedir el auto. Ante la discreción que poseemos para atender el asunto, procedemos a resolver la controversia.

Según los hechos discutidos, la Sra. Freiría de Álvarez solicitó el relevo de la "Sentencia" emitida el 3 de mayo de 2021, al amparo de la Regla 49.2 de Procedimiento Civil, *supra*. Asimismo, peticionó se le emplace conforme a derecho y se le acumule como parte demandada en el pleito. Además, sostuvo que la "Demanda" es insuficiente, debido a que no se incluyeron como partes al CRIM ni a ASUME.

Sin embargo, el Tribunal de Primera Instancia declaró No Ha Lugar la solicitud de anulación de sentencia presentada por la peticionaria. A su vez, determinó que, por haberse sometido voluntariamente a la jurisdicción del tribunal, tampoco procedía la petición para que se le acumulara como parte demandada en el caso.

**Tras un análisis del derecho aplicable y de los escritos presentados por ambas partes, concluimos que el foro primario actuó correctamente al declarar No Ha Lugar el relevo de sentencia solicitado por la Sra. Freiría de Álvarez. Sin embargo, no coincidimos con el fundamento para ello.** Véase, *Sánchez v. Eastern Air Lines, Inc.,* 114 DPR 691, 695 (1983).

Debemos enfatizar que el relevo de sentencia se presentó el **8 de abril de 2024**, y la "Sentencia" cuya nulidad se solicita fue notificada el **4 de mayo de 2021**. Según surge de la notificación, el dictamen se le notificó a la peticionaria por medio de su representación legal. Dicha determinación advino final y firme, puesto que la Sra. Freiría de Álvarez no solicitó su reconsideración o revisión judicial.

Por lo que, evidentemente, la peticionaria presentó el relevo luego de transcurrido el término de 6 meses de haberse registrado la sentencia, según dispuesto en la Regla 49.2 de Procedimiento Civil, *supra.* **Aunque este término es inoperante ante una sentencia nula – que es lo que se alega en este caso – lo cierto es que**, **después de transcurrido el referido término de 6 meses**, **el promovente del relevo de sentencia posee derecho a incoar <u>un pleito independiente</u> para que se decrete la nulidad de la sentencia impugnada**. *Bco. Santander P.R. v. Fajardo Farms Corp., supra*, a la pág. 245.

No correspondía, como sucedió en este caso, solicitar el relevo de sentencia en el mismo pleito donde se dictó la "Sentencia"

emitida el 3 de mayo de 2021. **Le corresponde a la Sra. Freiría de Álvarez presentar un pleito independiente de nulidad de sentencia**. Por esta razón, actuó correctamente el foro recurrido al declarar No Ha Lugar la solicitud de relevo de sentencia presentada por la peticionaria.

No obstante lo anterior, diferimos de los fundamentos utilizados por el foro *a quo* para llegar a su conclusión. Al declarar No Ha Lugar la "Solicitud de Reconsideración" presentada por la peticionaria, el Tribunal de Primera Instancia dispuso lo siguiente:

> *El Tribunal concurre con la parte demandante a los efectos de que*:
>
> *"... la peticionaria no es una parte indispensable, ya que su interés en el caso, basado en un testamento ológrafo que no ha culminado el proceso de adveración y protocolización, no es real ni inmediato. Inclusive, esta no sustenta de legitimación activa para solicitar el relevo de la sentencia dictada por este Honorable Tribunal. No obstante, aunque sustentara legitimación activa, la solicitud de relevo de sentencia bajo la Regla 49.2 de Procedimiento Civil es improcedente, ya que no se ha demostrado una nulidad de la sentencia ni se ha violado el debido proceso de ley..."*

(Énfasis provisto).

Reafirmamos que, **la solicitud de relevo de sentencia es improcedente**, **no bajo estos fundamentos**, **sino porque simple y sencillamente no podía ser atendida en este pleito. Es decir**, **no le correspondía al foro primario entrar en los méritos de la moción y llegar a esta conclusión. Tal determinación le corresponderá al juzgador que en su día atienda la causa de acción por nulidad de sentencia**, **si es que se presenta la misma**.

Por las razones que anteceden, confirmamos el No Ha Lugar, pero haciendo la aclaración de que la solicitud de relevo de sentencia es improcedente, no porque la peticionaria no sea parte indispensable, sino porque la moción de relevo se presentó después de transcurrido el término de 6 meses de haberse

registrado la sentencia y, en tales casos, el promovente del relevo tiene derecho a incoar un pleito independiente para que se decrete la nulidad de la sentencia impugnada.

En cuanto a los demás señalamientos de error, no podemos perder de perspectiva que el presente pleito se encuentra en una etapa tardía del proceso: la ejecución de sentencia. No albergamos duda de que **los errores señalados por la Sra. Freiría de Álvarez son errores de derecho**, **y la moción de relevo de sentencia no está disponible para corregir errores de derecho**.[22] *García Colón et al. v. Sucn. González, supra*, a las págs. 542-543. Este mecanismo "no está disponible para alegar cuestiones sustantivas que debieron ser planteadas mediante los recursos de reconsideración y apelación". *Íd.*, a la pág. 541. Reiteramos que, aunque la peticionaria fue notificada de la "Sentencia" emitida el 3 de mayo de 2021, esta nunca reconsideró o recurrió del dictamen.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, confirmamos el dictamen emitido por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Corresponde a la Sra. Isabel Freiría de Álvarez presentar un pleito independiente por nulidad de sentencia.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[22] Aún así, queremos hacer constar que no existe tal ausencia de prueba de emplazamientos al CRIM y ASUME, pues WSFS anejó a su "Moción en Oposición a Reconsideración" evidencia a esos efectos. Véase, SUMAC entrada número 99.