ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| CAYAGÜAS SAND AND GRAVEL, INC.<br><br>Apelante<br><br>v.<br><br>INDUSTRIAS ARENERAS B & M, INC.<br><br>Apelado | TA2026AP00285 | *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: E2CI201200743<br><br>Sobre: Ejecución de Hipoteca In Rem |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 22 de abril de 2026.

Comparece Cayagüas Sand and Gravel, Inc. ("Cayagüas" o "parte apelante"), quien nos solicita la revocación de la *Sentencia Enmendada*, emitida el 27 de octubre de 2025,[1] por el Tribunal de Primera Instancia, Sala Superior de Caguas ("foro primario" o "TPI"). Mediante el referido dictamen, el foro primario declaró nula una *Sentencia* dictada el 16 de diciembre de 2013, que en ese entonces declaró *Con Lugar* la *Demanda* sobre ejecución de hipoteca instada por el Banco Popular de Puerto Rico en contra de Industrias Areneras B & M, Inc. ("Industrias Areneras" o "parte apelada").

Por los fundamentos que expondremos a continuación, se *revoca* la *Sentencia* apelada.

### I.

El 13 de diciembre de 2012 el Banco Popular de Puerto Rico presentó una *Demanda* sobre ejecución de hipoteca *in rem* en contra de Industrias Areneras. Se solicitó la ejecución de las fincas 14,931, 15,154, y 9,990 ubicadas en el Barrio Cayagüas en San Lorenzo, P.R., las cuales estaban gravadas con hipoteca

---

[1] Notificada el 28 de octubre de 2025.

por la suma de $850,000.00. Luego de varios incidentes procesales, el 16 de diciembre de 2013, el Tribunal de Primera Instancia dictó sentencia en rebeldía.[2] Mediante el aludido dictamen el foro primario declaró *Con Lugar* la *Demanda* y dispuso el pago de las cantidades vencidas, líquidas y exigibles.

Posteriormente, el Banco Popular de Puerto Rico fue sustituido por Cayagüas quien es el titular del crédito hipotecario objeto del presente litigio. Así las cosas, el 16 de enero de 2025 Cayagüas presentó una *Moción para que se expida Orden de Ejecución de Sentencia y el Mandamiento al amparo de la Regla 51.1 de Procedimiento Civil* la cual fue declarada *Ha Lugar* mediante *Orden* el 29 de enero de 2025.[3] Luego, el 24 de marzo de 2025 se celebraron las subastas públicas de las fincas en cuestión.[4]

El 31 de marzo de 2025 Industrias Areneras presentó una *Urgente Moción Solicitando Nulidad y/o Relevo de Sentencia por Falta de Jurisdicción sobre la persona*.[5] En síntesis, sostuvo que nunca se emplazó al señor Carlos L. Beltrán Rodríguez por conducto de algún agente autorizado. Explicó que este último no tenía ninguna posición en la corporación al momento del supuesto emplazamiento. A su vez, adujo que es incorrecta la premisa de que como el señor Beltrán Rodríguez en su carácter personal estaba en quiebra, se podía emplazar a Industrias Areneras por conducto del síndico fuera del término de ciento veinte (120) días para emplazar. Alegó que, en virtud de las deficiencias del emplazamiento, la *Sentencia* no fue notificada conforme a derecho. Por último, manifestó que al momento en que se dictó sentencia *in rem*, no existían hipotecas inscritas.

En reacción, el 21 de abril de 2025 Cayagüas presentó una *Moción en Réplica y Oposición a "Moción Urgente Solicitando Nulidad y/o Relevo de Sentencia por falta de Jurisdicción de la Persona"*.[6] En resumen, negó la falta de emplazamiento y sostuvo que surgen actos que ponen de manifiesto la participación y conocimiento de los trámites judiciales por parte de Industrias

---

[2] *Véase*, Apéndice 3 del recurso, págs. 30-37.
[3] Notificada el 7 de febrero de 2025.
[4] *Véase*, Apéndice 4 del recurso, págs. 77-79.
[5] *Íd.*, págs. 112-120.
[6] *Íd.*, págs. 133-144.

Areneras. De igual forma, planteó que es de aplicación la doctrina de incuria en su modalidad de dilación injustificada. En ese sentido, alegó que hubo una sumisión voluntaria a la jurisdicción del tribunal. Señaló que la parte apelada presentó su solicitud de relevo de sentencia fuera del término dispuesto en la Regla 49.2 de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V.

El 8 de octubre de 2025 el foro primario celebró una Vista Argumentativa a los fines de discutir los escritos de las partes. Así pues, el 27 de octubre de 2025 el TPI emitió una *Sentencia Enmendada* en la que declaró nula la *Sentencia* del 16 de diciembre de 2013.[7]

Inconforme, el 12 de noviembre de 2025, Cayagüas presentó una *Moción en Solicitud de Reconsideración de Sentencia Enmendada.*[8] Entre otros asuntos, manifestó que no ha incurrido en temeridad alguna. Adujo que al momento en que entró al pleito ya otros jueces habían encontrado en rebeldía a Industrias Areneras, habían dado por emplazada a esta última y habían dictado una sentencia la cual advino final y firme. Expresó que el aludido dictamen cuenta con una presunción de validez y corrección.

A su vez, señaló que surge del expediente judicial que la primera subasta estaba pautada para el día 24 de marzo y no para el día 14 como erróneamente determinó el tribunal en la *Sentencia Enmendada.* Manifestó que de las Certificaciones Registrales se desprende de manera clara y precisa que, para el 27 de marzo de 2012, es decir, nueve (9) meses antes de la radicación de la *Demanda*, ya constaba presentada para su inscripción en el Registro de la Propiedad, la hipoteca objeto del pleito. Explicó que en su *Moción de Sustitución de Parte* sometió a la consideración del tribunal evidencia de ser el titular activo del crédito hipotecario. Reiteró que el tribunal no tiene jurisdicción para atender la moción en solicitud de relevo de sentencia por ser tardía. En cambio, adujo que el ordenamiento jurídico provee instar un pleito independiente sobre nulidad de sentencia bajo estas circunstancias.

---

[7] *Véase*, Apéndice 1 del recurso, págs. 2-19.
[8] *Véase*, Apéndice 4 del recurso, págs. 1-22.

En respuesta, el 23 de diciembre de 2025, Industrias Areneras presentó una *Oposición a Reconsideración y Solicitando se Aumente la Partida por Conducta Temeraria.*[9] Así, el 8 de enero de 2026 Cayagüas presentó una *Moción Reiterando Solicitud de Reconsideración de Sentencia Enmendada y Réplica a Oposición*[10] la cual fue declarada *No Ha Lugar* el 20 de febrero de 2026 mediante *Resolución.*[11]

Aún insatisfecho, el 19 de marzo de 2026, Cayagüas acudió ante esta Curia mediante una *Apelación.* En esencia, la parte apelante le imputó al TPI la comisión de los siguientes errores:

> Erró el Honorable Tribunal de Instancia al declarar nula la Sentencia del 13 de diciembre de 2013 al determinar que la hipoteca objeto de la demanda no estaba inscrita en el Registro de la Propiedad previo al dictarse la Sentencia de ejecución de hipoteca.

> Erró el Honorable Tribunal de Instancia al declarar nula la subasta celebrada al determinar que no se cumpli[ó] con el t[é]rmino de14 d[í]as dispuesto por la regla 51.7 (b) de Procedimiento Civil para la celebraci[ó]n de la primera subasta.

> Erró el Honorable Tribunal de Instancia al declarar nula la sentencia del 13 de diciembre de 2013 al determinar que la parte demandada-apelada no fue emplazada y que no se someti[ó] a la jurisdicción.

> Erró el Honorable Tribunal de Instancia al declarar nula la Sentencia del 13 de diciembre de 2013 al no aplicar la doctrina de incuria a la parte demandada-apelada y al permitir el relevo de la Sentencia.

> Erró el Honorable Tribunal de Instancia al imputar temeridad a la parte demandante-apelante y al imponerle una cantidad de dinero exagerada y fuera de proporción.

> Erró el Honorable Tribunal de Instancia al relevar a la parte demandada-apelada de la Sentencia sin haberse celebrado una acción independiente para determinar la nulidad o no de la Sentencia original.

El 16 de abril de 2026 la parte apelada presentó una *Desestimaci[ó]n por Incumplimiento con el Reglamento del Tribunal de Apelaciones (In re Reglamento del Tribunal de Apelaciones, Resolución ER-2004-10, aprobado el 21 de julio de 2004, según enmendado.*

---

[9] *Véase*, Apéndice 5 del recurso, págs. 4-7.
[10] *Íd.,* págs. 8-27.
[11] *Véase*, Apéndice 3 del recurso, págs. 27-28. Notificada el 25 de febrero de 2025.

Luego, el 17 de abril de 2026, la parte apelada presentó su *Oposición a Apelación y Sobre de Desestimaci[ó]n por Ausencia de Jurisdicción por Omisi[ó]n de Presentaci[ó]n de Ap[é]ndice*. Perfeccionado el recurso y con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**-A-**

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, autoriza al Tribunal a relevar a una parte de una sentencia, orden o procedimiento por varios fundamentos: (a) error, inadvertencia, sorpresa o negligencia excusable; (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48; (c) fraude, falsa representación u otra conducta impropia de una parte adversa; **(d) nulidad de la sentencia**; (e) la sentencia ha sido satisfecha o renunciada; y (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. *Íd.* (Énfasis suplido) A su vez, la Regla 49.2, *supra*, dispone que:

> **La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento.** Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia ni suspenderá sus efectos. **Esta regla no limita el poder del tribunal para:**
> **(1) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento;**
> **(2) conceder un remedio a una parte que en realidad no haya sido emplazada, y**
> (3) dejar sin efecto una sentencia por motivo de fraude al tribunal. 32 LPRA Ap. V, R. 49.2 (Énfasis suplido).

Así pues, la precitada regla es el mecanismo que tiene una parte para solicitar al foro de instancia que se releven los efectos de una sentencia cuando se cumpla alguno de los fundamentos indicados. *López García v. López García*, 200 DPR 50, 60 (2018). El Tribunal Supremo de Puerto Rico ha expresado que, al momento de evaluar la procedencia de una solicitud de relevo de sentencia, también se debe evaluar si el peticionario tiene una buena defensa en sus méritos; el tiempo que media entre la sentencia y la solicitud del relevo; y el grado

de perjuicio que pueda ocasionar a la otra parte la concesión del relevo de sentencia. *Reyes v. E.L.A. et al.*, 155 DPR 799, 810 (2001).

A pesar de que la Regla 49.2 de Procedimiento Civil, *supra*, se interpreta liberalmente, el Tribunal Supremo ha advertido que esta no constituye una "llave maestra" para reabrir controversias y no debe ser utilizada en sustitución de un recurso de revisión o una moción de reconsideración. *Vázquez v. López*, 160 DPR 714, 726 (2003); *Piazza v. Isla del Río, Inc.*, 158 DPR 440, 448 (2003). De modo que, el término de seis (6) meses para la presentación de la moción de relevo de sentencia es fatal. *García Colón et al. v. Sucn. González*, 178 DPR 527, 562 (2010); *Bco. Santander P.R. v. Fajardo Farms Corp.*, 141 DPR 237 (1996). En consecuencia, la Regla 49.2, *supra*, es categórica en cuanto a que la moción de relevo debe presentarse dentro de un término razonable pero que en ningún caso exceda los seis (6) meses. *Íd.*, pág. 543. Ahora bien, dicho plazo es inaplicable cuando se trata de una sentencia nula. *Náter v. Ramos*, 162 DPR 616, 625 (2004). "Una sentencia es nula cuando se ha dictado sin jurisdicción sobre la materia o las partes, o, en alguna forma infringe el debido proceso de ley". *Figueroa v. Banco de San Juan*, 108 DPR 680, 689 (1979).

Siendo ello así, en el caso de *Bco. Santander P.R. v. Fajardo Farms Corp.*, *supra*, el Tribunal Supremo de Puerto Rico interpretó que existen dos mecanismos mediante los cuales una parte puede ser relevada de los efectos de una sentencia dictada sin que exista jurisdicción sobre su persona. *Íd.*, págs. 246-247. En primer lugar, se trata de una solicitud al amparo de la Regla 49.2(d), *supra*, la cual, por disposición expresa de dicha norma, debe ser presentada dentro de los seis (6) meses siguientes de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. *Íd.* En segundo lugar, una vez **transcurrido el precitado término de seis (6) meses, la parte que desee plantear la nulidad de la sentencia debe recurrir a una acción independiente de nulidad de sentencia**. *Íd.*, págs. 246-247; Véase, R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. Lexisnexis, 2017, Sec. 4810, págs. 661-662. (Énfasis suplido).

Es decir, dicha solicitud puede invocarse en cualquier momento, pero si el fraude o la nulidad que justifican el relevo de la sentencia se descubre y puede probarse dentro de los seis (6) meses, se solicita por moción a base de la Regla 49.2, *supra*. C. Zeno Santiago, *Sumario Procedimiento Civil Puertorriqueño*, 1ra ed., San Juan, Ed. Situm, 2023, pág. 237; *Rivera v. Jaume*, 157 DPR 562, 574 (2002). En cambio, "si ya han pasado los seis (6) meses, no puede hacerlo por esta regla, pero lo puede traer como un pleito independiente, o sea, atacando esa sentencia mediante una demanda dirigida contra la parte que obtuvo la sentencia por fraude o nulidad". *Íd.*

**III.**

Por incidir sobre nuestra facultad revisora, atenderemos con primacía la solicitud de desestimación. En síntesis, arguye que, ante la ausencia de ciertos documentos en el apéndice del recurso, carecemos de jurisdicción para dirimir la controversia de autos. Tras un examen del expediente ante nuestra consideración, constatamos que los documentos omitidos no son necesarios para adjudicar la controversia en sus méritos. Por todo lo cual, denegamos la solicitud de desestimación y procedemos a resolver el recurso.

Ahora bien, en el recurso que nos ocupa, la parte apelante nos solicita que revoquemos la *Sentencia Enmendada* del TPI mediante la cual declaró nula la *Sentencia* dictada el 16 de diciembre de 2013. En esencia, la parte apelante sostiene que incidió el foro primario al declarar la nulidad de la misma al determinar que: (1) la hipoteca objeto de la *Demanda* no estaba inscrita en el Registro de la Propiedad previo al dictarse la *Sentencia*; (2) no se cumplió con el término para la celebración de la primera subasta; (3) la parte apelada no fue emplazada; (4) no aplica la doctrina de incuria; (5) procede imputarle temeridad a la parte apelante; y (6) procede relevar a la parte apelada de la *Sentencia*. Veamos.

De entrada, discutiremos el sexto señalamiento de error. Según revela el tracto procesal, el 16 de diciembre de 2013 el TPI emitió una *Sentencia* en el caso de epígrafe. Cabe señalar que dicha determinación no fue recurrida ante este foro revisor. Posteriormente, tras llevarse a cabo las subastas de las fincas objeto

del presente litigio el 24 de marzo de 2025, la parte apelada presentó una moción solicitando la nulidad y/o relevo de sentencia por alegada falta de jurisdicción sobre la persona. Es menester destacar que la referida solicitud fue presentada el 31 de marzo de 2025, **once (11) años** después de haberse dictado *Sentencia*.

Es evidente que transcurrió en exceso el término fatal de seis (6) meses que dispone la Regla 49.2 de Procedimiento Civil, *supra*, para la presentación de solicitud de relevo de sentencia. 32 LPRA AP. V, R. 49.2; *Banco Santander v. Fajardo, supra*, pág. 243. Como reiteradamente ha sido reconocido, expirado dicho plazo, **la parte que desee plantear la nulidad de la sentencia deberá instar una acción independiente de nulidad de sentencia.** *Íd.*, págs. 246-247; *Rivera v. Jaume, supra*, pág. 574. En consecuencia, colegimos que erró el foro primario al dictar *Sentencia Enmendada* el 27 de octubre de 2025 para declarar nula la *Sentencia* emitida el 16 de diciembre de 2013. Siendo ello así, procede la revocación del dictamen apelado. Conforme a lo aquí resuelto, no nos corresponde emitir pronunciamiento alguno relacionado a los demás señalamientos de error.

## IV.

Por los fundamentos que anteceden, los que hacemos constar en este dictamen, se *revoca* el dictamen emitido por el Tribunal de Primera Instancia, Sala Superior de Caguas. Se devuelve el caso al foro primario para la continuidad de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones